TOM JONES v. THE STATE.

No. 3907. Decided May 27, 1908.

**1.—Theft of Horse—Indictment—Venue.**

Where in a prosecution the indictment alleged venue, the objection to same on this ground was untenable.

**2.—Same—Charge Refused—Recent Possession.**

Upon trial of theft of a horse, there was no error in refusing a special charge that possession alone was not sufficient to authorize a conviction; besides there were other circumstances showing defendant's guilt.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where upon trial of theft of a horse, there was no evidence as to the actual taking, and recent possession of the alleged stolen property and other circumstances were relied upon by the State for a conviction, the court should have charged the law of circumstantial evidence.

Appeal from the District Court of Fort Bend. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Tom Jones,* in his own right, for appellant.—Defendant contended that the indictment should have charged: "The Fort Bend County and the Texas State," instead of: "County of Fort Bend and State of Texas," and cited article 420, Code Criminal Procedure. On question of charge on circumstantial evidence: Conner v. State, 17 Texas Crim. App., 1; Montgomery v. State, 13 Texas Crim. App., 669; Sullivan v. State, 18 Texas Crim. App., 623; Riley v. State, 20 Texas Crim. App., 100, and cases cited in the opinion. On question of charge on recent possession of stolen property: Hannah v. State, 1 Texas Crim. App., 578.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of a horse and his punishment assessed at confinement in the penitentiary for five years.

Appellant's insistence that the indictment fails to allege what county the offense was committed in, is incorrect. We do not think the court

erred in refusing to charge that possession alone was not sufficient to authorize a conviction in this case. In the first place we do not think the charge a proper one. Furthermore, the record before us shows circumstances other than recent possession going to demonstrate the guilt of appellant.

We find no bill of exceptions in the record and the evidence amply supports the verdict, and the judgment is in all things affirmed.

*Affirmed.*

### ON REHEARING.

#### June 13, 1908.

BROOKS, Judge.—This case was affirmed by us on a previous day of this term. It now comes before us on a motion for rehearing.

In the original opinion we overlooked appellant's insistence that the court erred in not charging upon the law of circumstantial evidence. We now hold that a charge on circumstantial evidence should have been given. There was no witness to the taking of the animal. The possession by defendant and other circumstances alone were relied upon to convict him. This being true, the decisions of this court hold that the trial court should charge on the law of circumstantial evidence. See Hyden v. State, 31 Texas Crim. Rep., 401; McCamant v. State, 37 S. W. Rep., 437; Taylor v. State, 27 Texas Crim. App., 463; Schultz v. State, 30 Texas Crim. App., 94. It follows, therefore, that the affirmance of this case was erroneous, and the motion for rehearing is granted, and the judgment is now reversed and the cause is remanded.

*Reversed and remanded.*