## BILL RUSSELL V. THE STATE.

No. 11166.    Delivered November 30, 1927.

**Theft—Charge of Court—On Circumstantial Evidence—Erroneously Omitted.**

It is well settled that if the main fact is proven as a matter of inference from other facts in evidence, the case rests wholly in a legal sense upon circumstantial evidence, and in a case of theft, if there is no direct evidence of the felonious taking, a charge on circumstantial evidence is required, and the failure of the court to so charge in this case constituted reversible error.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*W. H. Forrester* and *Tirey & Tirey,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars, the punishment confinement in the penitentiary for two years.

Appellant assigns as error the failure of the court to embody in the charge an instruction covering the law of circumstantial evidence. Timely exception was taken to the omission of such instruction.

The testimony of the state was substantially as follows: A garage owned by F. J. Hlavaty in the town of West was burglarized and thirteen automobile casings and some radio hose taken

therefrom. Eleven of the casings were recovered about two weeks from the date of the burglary in a field belonging to Tom Holden. The garage of the injured party was the only garage west of the railroad and across in front of the bank. Jud Woodruff, a witness for the state, was with appellant and Elmer Holder at the residence of Tom Holder shortly before the property was stolen. Elmer Holder proposed to appellant and Woodruff that they "pull" the garage across from the bank. Woodruff declined to go with the parties, but they said they would go ahead. Woodruff and appellant exchanged trousers and Elmer Holder and appellant left. Woodruff remained at Tom Holder's and went to sleep in an automobile. In a short while appellant and Elmer Holder returned with eleven automobile casings, saying, according to Woodruff, that they lost one tire on the way out. Woodruff got in the car with the parties, and appellant drove the car to a point near Tom Holder's field, where the casings were concealed. The casings were later recovered from the field. The witness Woodruff stated that he had nothing to do with stealing the tires, and that he had their word "as to the burglary of the garage last year, and that is all."

On cross-examination the witness Woodruff stated that appellant did not say anything when Elmer Holder proposed that they burglarize a garage. It is further shown from the testimony of the witness that the name of the filling station that Holder proposed they should burglarize was not called. The main fact to be proved was the taking from the possession of Hlavaty the automobile casings in question. That this fact was a matter of inference to be drawn from other facts in evidence seems obvious. The witness Woodruff nor any other witness saw appellant enter the garage, and his statement of the transaction does not in our opinion show that appellant confessed that he took the automobile casings from the garage of the injured party. If the main fact is proved as a matter of inference from the other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. In cases of theft the main fact to be proved is the taking from the possession of the person in whom possession is laid, and if there is no direct evidence of such taking—the main fact—a charge on circumstantial evidence is required. Branch's Annotated Penal Code, Section 2478; Conner v. State, 292 S. W. 906. We are constrained to hold that the action of the court in failing to give a charge upon circumstantial evidence constitutes error.

Appellant's bill of exception No. 6 shows that the court permitted the state to prove that the general reputation of one

of its witnesses for truth and veracity was good, notwithstanding the fact that no attack had been made on the witness by appellant touching such characteristic. This was error. It is the general rule that neither party is authorized to produce testimony to sustain the general reputation of the witness for truth and veracity in the absence of an attack by the opposite touching such characteristic. Warren v. State, 51 Tex. Crim. Rep. 598.

Other points are presented which we have not undertaken to discuss for the reason that they are not likely to occur upon another trial of the case.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.