## DUVON HOPPER v. THE STATE.

No. 11700.   Delivered June 13, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is theft of property over the value of fifty dollars; the punishment confinement in the penitentiary for three years.

The case rested wholly upon circumstantial evidence. The injured party lost some automobile casings, tubes and rims. No witness testified that they saw appellant or any other person take the property from the possession of the injured party. The stolen property was hidden by some person near the town of Breckenridge. An officer saw appellant and another go to the point where the property was concealed. One of the parties picked up one of the casings. The officer made his presence known, and appellant and his companion ran away. The stolen property was recovered at the point where appellant and his companion had been seen by the officer.

The charge of the court advised the jury that the state relied "for conviction, in part, upon circumstantial evidence." Immediately following such instruction, the law of circumstantial evidence was defined. Appellant timely and properly excepted to that portion of the charge wherein the jury were instructed that the state relied in part upon circumstantial evidence. The exception was well taken. The case rested wholly upon circumstantial evidence. There was no direct evidence of the taking of the property. The possession of such property by appellant was but a circumstance of guilt. In his Annotated Penal Code of Texas, Section 2478, Mr. Branch states the rule as follows:

"In cases of theft proof of possession of property recently stolen which is unexplained, or proof of such possession explained when the explanation does not admit the taking of the property from the person in whom possession is laid, is but a circumstance, and if there is no direct evidence of such taking a charge on circumstantial evidence is required."

See also Jones v. State, 111 S. W. 653.

The main fact to be proved was the taking of the property by appellant from the possession of the person in whom possession was laid. There was no direct evidence of such taking. Again we quote from Branch's Annotated Penal Code of Texas, Section 2478, as follows:

"If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. In cases of theft the main fact to be proved is the taking from the possession of the person in whom possession

is laid, and if there is no direct evidence of such taking—the main fact—a charge on circumstantial evidence is required."

See also Germany v. State, 3 S. W. (2d Series.) 799; Goode v. State, 120 S. W. 199.

The facts showing that the case rested wholly upon circumstantial evidence, the court was in error in advising the jury that the case rested partly upon circumstantial evidence and partly upon direct evidence. Germany v. State, supra; Pabst et ux v. State, 259 S. W. 577.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.