# JANUARY 16, 1935

GUY BARBER v. THE STATE.

No. 17122. Delivered January 16, 1935.
Reported in 78 S. W. (2d) 183.

The opinion states the case.

*King C. Haynie,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of an automobile is the offense; penalty assessed at confinement in the penitentiary for seven years.

A synopsis of the evidence is as follows: Rutter, the alleged injured party, owned a Chevrolet automobile. He parked it on

one of the streets of Houston. When he returned about an hour or two later he found his car missing. Later in the same night, he obtained it from the police department of the city of Houston. During the night before the car was recovered, the witness Land, while in his residence, observed a Chevrolet and a Ford automobile on the street. The Ford was pushing the Chevrolet car. It was pushed into the hedge and the car stopped. Two men were with the cars. Land sent word to the police department. Upon the prompt arrival of the officers the appellant and his companion were arrested. From Land's testimony it is apparent that the design of the appellant and his companion was to hide the Chevrolet car in the shrubbery near the street. Before the arrival of the officers, one of the men was seen by Land to break the number plate on the Chevrolet car. No one but the appellant and his companion were on the street near the cars until the officers arrived. The identity of the stolen Chevrolet car was proved without question.

In submitting the matter to the jury in a written charge the court failed to instruct on the law of circumstantial evidence. A special charge embracing the law of circumstantial evidence was presented and refused. Exception thereto was reserved.

There are some objections to the evidence but in the disposition of the case they will not be discussed. Suffice it to say that they will probably not arise upon another trial.

One of the officers testified that he was called over the radio that there were two men stripping a car. This should not be received upon another trial as it was in the nature of hearsay.

It is apparent that the State's case rests upon the law of circumstantial evidence. The injured party left his car at a certain place on the street. It was later found at another place. The appellant and his companion were in the act of pushing a Chevrolet automobile by the use of a Ford car. Just when or how they obtained the Chevrolet automobile, whether they moved it from the place where it was parked or some one else did so, are matters of inference from the evidence. There is no direct evidence that the appellant moved the car from the place where it was parked. He and his companion were found in possession of the car, but whether appellant was one of the original takers was a question that should have been submitted in an appropriate charge on the law of circumstantial evidence. As we understand, the attorney for the State concedes that there was error in failing to give such a charge. Many cases sustain the conclusion announced. Among them are Brown v.

State, 72 S. W. (2d) 269; Jones v. State, 111 S. W., 653; Lockhart v. State, 63 S. W. (2d) 299; Davis v. State, 85 Texas Crim. Rep., 15.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*