JESS RAMSEY v. THE STATE.

No. 17166. Delivered January 23, 1935.
Reported in 78 S. W. (2d) 597.

The opinion states the case.

*B. F. Patterson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, six months in the county jail.

The count of the information submitted to the jury in this case charged that Ontiveros, herein referred to as O, stole a toilet and tank of the value of fifteen dollars from one Schutz on February 28, 1934, and that prior to such taking, and on or about the same day,—this appellant advised and encouraged the said O to commit said offense, appellant not being present when same was committed. O made a written confession in which he detailed fourteen separate entries into as many different houses, and the taking from each of property, all of which he sold and delivered to this appellant. To the introduction against him of this confession, appellant reserved exception on the ground that he was on trial for complicity in only one transaction and offense, and the introduction of said confession, with its details of numerous others, was prejudicial. The bill is qualified by the statement of the learned trial judge that he admitted evidence of the other transactions to show intent, system and guilty knowledge on the part of appellant. During the trial the State put O on the stand, and he affirmed that he took some wrenches to appellant's place to sell, and appellant told him if he would bring tanks, sinks and toilets to appellant he would buy them from witness,—to get them any way he could and appellant would pay for them. O affirmed that he got each of the articles at the times and places set out in the confession above referred to, took them to appellant, and was paid for them. Among the articles and transactions so listed was a toilet and tank taken on February 28th from a vacant house at 218 Cypress Street. This was the house of Schutz. Under well known rules, if there was any error in the admission of the confession, it was rendered harmless and of no avail by the admission without objection, of the testimony of O concerning identical acts and transactions.

Appellant sought an instructed verdict of not guilty on the ground, among others, lack of corroboration of the accomplice witness O. As such corroboration, the State offered the testimony of Pauline French, who swore that she worked for appellant about six months,—though the only date of such working stated by her was about Christmas 1933. She testified that she saw O at appellant's house "About two times," and heard him tell him to get stuff from houses and that he, Ramsey, would pay him for same. She said she saw O bring plumbing fixtures, sinks, lavatories and things like that three times. On cross-examination she testified that O could not talk English, and appellant could not talk Spanish, and that she acted as interpreter one time. That appellant told O that anything that

was all right, he would buy. When she saw O at appellant's place he had a sink for sale. She did not know whether appellant bought it or not. She further testified as follows: "As a matter of fact, Mr. Ramsey investigated to find out if this stuff was stolen, and took a receipt from O,—made him sign a paper." On re-direct examination she was asked: "When you interpreted there, is that when you say he told O to go and get this stuff in vacant houses and he would buy it from him?" Her reply was: "He told him not to get any more of the stuff on the place because the county was going to put everybody in trouble." She was then further asked: "I am speaking of this conversation where you said that he told O to go and get this stuff in vacant houses and he would buy it?" To this she replied: "I don't remember what he told him. I did not interpret that conversation on that occasion. * * * I interpreted just one time." Asked what was the conversation she interpreted, she replied that it was the time he told him he did not want any more stuff in the house. She did testify, however, that he told him to go bring the stuff and he would buy it,— to get it out of vacant houses.

This appellant may be guilty, but the crime here charged is that appellant advised and encouraged O to take the tank and toilet of Schutz, no mention of which appeared in any conversation heard by Miss French. She affirmed that appellant spoke no Spanish and O, no English; that she interpreted only one time, and that conversation had no relation to any property of Schutz. No one saw the property of Schutz in appellant's possession, or heard him say one word about said property. To rise to the dignity of corroboration of an accomplice, the aliunde testimony must individuate,—must go beyond showing that a crime has been committed, and must tend to implicate the accused and connect him with advising the particular offense charged. We are unable to bring ourselves to believe that the contradictory testimony of Miss French furnishes sufficient corroboration of the accomplice. Beyond question if we resort to the common method so often invoked, of excluding from our reasoning the testimony of the accomplice, and then trying to ascertain whether there be in the record evidence tending to connect the accused with the particular offense charged,—we would be confronted by the proposition that there was no such evidence furnished by the testimony of Miss French.

The judgment of the trial court will be reversed and the cause remanded.                    *Reversed and remanded.*