Ivory Joe GLOVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 54943.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 7, 1978.

W. John Allison, Jr., Dallas, for appellant on appeal only.

Henry Wade, Dist. Atty., Ronald D. Hinds, Robert E. Whaley, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for unauthorized use of a motor vehicle. The jury having found the paragraphs in the indictment alleging two prior convictions for enhancement to be true, the punishment was assessed at life.

At the outset, appellant contends that the evidence is insufficient to sustain the conviction.

Arthur Rylander discovered about 4:00 a. m. on June 8, 1976, that his 1963 Chevrolet Impala had been stolen from in front of his home at 3802 Kingbridge in Dallas. Rylander reported the theft to the police and about 1:30 p. m. on the same day he was notified that he could pick up his car at the "police pound." The left vent window on the driver's side had been "pulled out,"

there were pry marks on the windshield, wires under the dash were hanging down, the glove box had been opened, and there were pry marks around it, and the "on and off switch" had been twisted where "it would start without a key . . . or with any key that happened to be put in there." Rylander stated that he had not given appellant permission to take his car.

Officers arrested appellant on a street in downtown Dallas about 4:50 a. m. on the day in question. Appellant was driving Rylander's vehicle the wrong direction on a one-way street. Arresting officers Abney and Shields noted the pry marks, the vent window pulled out, and the wires hanging down under the dash. A key was discovered in the ignition on a key ring with other keys, none of which belonged to the vehicle. Abney testified that in his opinion the ignition lock had been broken to permit starting the vehicle without a key. The officers related that appellant told them he had borrowed the car to go to the bus station to pick up his auntie. Appellant later stated he was making the trip to the bus station to pick up his nephew. Registration papers found in the glove box reflected that a Linda Carol Stout was the owner of the vehicle. Stout was contacted and she advised officers that the vehicle had been sold to Rylander.

Appellant testified in his own behalf and related that he had borrowed the car a short time before his arrest from a person named Robert to go to the Greyhound Bus Station to pick up his nephew, who was coming in from Longview.

After appellant rested, the State called Bob Clayton, manager for Greyhound Bus in Dallas, who testified that Greyhound did not have any buses operating between Longview and Dallas, the franchise for this route belonging to another bus company.

In *Shaw v. State,* Tex.Cr.App., 529 S.W.2d 75, the evidence was held sufficient to support a conviction for unauthorized use of a motor vehicle where circumstances were similar to the instant case. There, the defendant was stopped for a traffic violation. The vehicle was determined to have been stolen a short time before, as in the instant case. Appellant points to the fact that there was flight by the defendant in *Shaw* and that this element was not present in the instant case. While it is true that there was no flight in the instant case, the evidence reveals that inconsistent statements were made by appellant about whom he was going to pick up at the bus station, that no buses were arriving from Longview at the Greyhound Bus Station as related by appellant, and that it was apparent that the ignition system had been tampered with and there was a key in the ignition not designed for the car for the apparent purpose of negating any irregularity.

In urging that the evidence is insufficient, appellant further argues that the State offered the exculpatory statements of the appellant about borrowing the car and that the State failed to refute the same.

The rule is that when the State introduces an exculpatory statement or confession of a defendant, it is then bound to disprove it and failure to do so is grounds for acquittal. *Grady v. State,* Tex.Cr.App., 466 S.W.2d 770. This rule does not apply where the accused testifies before the jury in accordance with such exculpatory statement and his defensive theory is fairly submitted to the jury. *Bonner v. State,* Tex. Cr.App., 426 S.W.2d 869. As heretofore noted, appellant testified in accordance with the exculpatory statement, stating that he had borrowed the car in question. The court fairly submitted this defensive theory to the jury, the court instructing the jury as follows:

"You are instructed that it is a defense to prosecution that the defendant through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"So if you find from the evidence that at the time Ivory Joe Glover took possession of the automobile he, through mistake, acted under a reasonable belief that he was borrowing it from the lawful owner with the lawful owner's consent or if you have a reasonable doubt about this you will say by your verdict 'not guilty.'"

We find the evidence sufficient to support the conviction.

Appellant contends that the court erred in overruling his objection to the court's charge for failure to charge on the law of circumstantial evidence and in failing to grant his requested instruction on this principle of law.

V.T.C.A. Penal Code, Sec. 31.07(a), "Unauthorized Use of a Vehicle," under which this prosecution is brought, provides:

"A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner."

There was direct evidence introduced to prove that the vehicle was motor-propelled, that it was operated by the appellant, and that the appellant did not have the effective consent of the owner.

When the intent of the accused is the only element not proven by direct evidence, a charge on circumstantial evidence is not necessary. *Green v. State,* Tex.Cr.App., 533 S.W.2d 769; *Bowles v. State,* Tex.Cr.App., 550 S.W.2d 84; *Davis v. State,* Tex.Cr.App., 516 S.W.2d 157; *Shippy v. State,* Tex.Cr.App., 556 S.W.2d 246.

The culpable mental state of appellant being the only element of the offense not proved by direct evidence, the court did not err in failing to charge on the law of circumstantial evidence.

Appellant's remaining contentions relate to his argument that the State failed to rebut appellant's testimony that he was not represented by counsel at the prior convictions relied on for enhancement.

Appellant concedes that the judgment and sentence recite that appellant was represented by counsel in the prior causes and that other papers therein are signed by counsel.

Appellant's testimony that he was not represented by an attorney, standing alone, is insufficient to disprove the recitations in the judgment. *White v. State,* Tex.Cr.App., 517 S.W.2d 543; *West v. State,* Tex.Cr.App., 511 S.W.2d 502.

We have reviewed appellant's pro se brief and find no merit to contentions advanced therein.

The judgment is affirmed.