**Henry Davis LEVI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54668.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 21, 1978.

Dissenting Opinion On State's Motion For Rehearing Denied Dec. 20, 1978.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of theft of property of the value of more than $200 but less than $10,000. The punishment is imprisonment for four years, probated.

The appellant asserts that the trial court erroneously refused to submit to the jury a charge on the law of circumstantial evidence. We agree and reverse.

The appellant made a timely objection to the court's charge because it did not include a charge on circumstantial evidence. He also timely submitted to the court a specially requested charge on the law of circumstantial evidence which the court refused to submit to the jury.

When the proof of theft is supported only by the unexplained possession of property recently stolen, a defendant is entitled to a charge on the law of circumstantial evidence, if it is timely requested or if there is

a timely objection that the court's charge does not include instructions on the law of circumstantial evidence. *E. g., Hielscher v. State,* 511 S.W.2d 305 (Tex.Cr.App.1974); *Barber v. State,* 127 Tex.Cr.R. 532, 78 S.W.2d 183 (1935); *Brown v. State,* 126 Tex.Cr.R. 449, 72 S.W.2d 269 (1934); *Russell v. State,* 108 Tex.Cr.R. 308, 300 S.W. 74 (1927); *Taylor v. State,* 27 Tex.App. 463, 11 S.W. 462 (1889); *Lehman v. State,* 18 Tex. App. 174 (1885). In this case there is proof that the appellant and two other persons were in possession of property recently stolen which they sold. These are circumstances from which the theft of property may be inferred, but there is no direct evidence of the taking of the property.

The judgment is reversed and the cause is remanded.

Before the court en banc.

## STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge, dissenting.

A majority overrules the State's motion for rehearing without written opinion. It should be granted, and the conviction should be affirmed.

Appellant was convicted of theft of property valued at more than $200 but less than $10,000, V.T.C.A. Penal Code, Sec. 31.03. Punishment was assessed at four years probation. On original submission we held that failure of the trial court to charge the jury on circumstantial evidence was reversible error because proof of the theft was supported only by unexplained possession of recently stolen property. The State's Motion for Rehearing is now before us and I am of the opinion that the motion should be granted.

The State urges that the expansion of the concept of theft under the "new" penal code requires a re-evaluation of existing authority in light of the changes. Our task,

therefore, is to discover the changes, then to determine the impact of the changes.

Article 1410, Vernon's Ann.P.C. limited theft to situations involving a physical taking of property. Under this provision, the accused had to physically take property in order to be convicted of theft. Further, if the State relied on unexplained possession of recently stolen property, a charge on circumstantial evidence was required because the jury had to infer that such possession resulted from a taking.

Provisions of the "new" code attempt to consolidate theft related offenses such as shoplifting and receiving stolen property under the general heading of theft. Appellant was prosecuted under V.T.C.A. Penal Code, Sec. 31.03(b)(1), which reads as follows:[1]

> "(a) A person commits an offense if, with intent to deprive the owner of property:
>
> \*       \*       \*       \*       \*       \*
>
> "(2) he exercises control over the property, other than real property unlawfully.
>
> "(b) Obtaining or exercising control over property is unlawful if:
>
> "(1) the actor obtains or exercises control over the property without the owner's effective consent."

Under this provision, an actual taking is not required; rather, the theft is realized by an exercise of control without the owner's consent.[2] If the State relies on unexplained possession of stolen property in a Sec. 31.03(b)(1) prosecution, the jury must still infer that the possession arises from an exercise of control without consent. Such an inference under the "new" code would still require a circumstantial evidence charge, unless the elements of the offense are otherwise established and the circumstances are merely corroborative. *Asner v. State,* 138 Tex.Cr.R. 420, 136 S.W.2d 822

---

1. The statute is set forth in the language effective at the date of the offense, not the subsequent amendments.

2. *Cooper v. State,* 537 S.W.2d 940 (Tex.Cr.App. 1976), a case cited by both State and appellant is distinguishable, being a case dealing with V.T.C.A. Penal Code, Sec. 31.03(b)(2).

(1939); *Wilson v. State,* 115 Tex.Cr.R. 308, 28 S.W.2d 804 (1930).[3]

A theft under V.T.C.A. Penal Code, Sec. 31.03(b)(1) has four basic elements: (1) value; (2) exercise control of property; (3) without effective consent of the owner; and (4) intent to deprive the owner. If these four elements are established by other than circumstantial evidence, then a charge on circumstantial evidence is unnecessary. *Asner,* supra; *Wilson,* supra.

The value of the property (a television set) was established at $250 by a State's witness. An exercise of control and an intent to deprive are shown by the sale of the television and acceptance of money by appellant. The remaining and most difficult point is the owner's effective consent.

We were faced with a similar problem in *Glover v. State,* 566 S.W.2d 636 (Tex.Cr. App.1978), a prosecution for unauthorized use of a motor vehicle.[4] In *Glover,* supra, the defendant was arrested while operating the complainant's car. The complainant testified that he had not given defendant permission *to take* the car. There was no testimony that defendant did not have permission *to use* the car. We held such testimony overcame the need for a circumstantial evidence charge.

In appellant's case, the complainant stated that no one had permission to enter his home or to remove goods from his home. This testimony shows there was no consent to the *taking* of the television. Comparing to *Glover,* supra, there was no testimony that appellant's *exercise of control* was without consent. However, just as use following a non-consensual taking of an auto is unauthorized use, the exercise of control following a non-consensual taking is likewise without consent.

No charge on circumstantial evidence was required.

Having determined that no circumstantial evidence charge was required, we must now examine the remainder of appellant's grounds of error presented on original submission. That one remaining ground of error alleges that the evidence is insufficient to support the verdict. I disagree.

On October 4, 1974, the complainant's home was burglarized. Among items taken was a color television. On October 5, 1974, Ms. Walter purchased a color television from appellant and two others, giving appellant $50.00. This television was later confiscated by police and proved by serial numbers to be the television taken from the complainant's home on October 4, 1974. No one had permission to remove any goods from the complainant's home.

These facts, when considered in the light most favorable to the verdict, establish a theft. The State's motion should be granted and the judgment of conviction affirmed.

---

**3.** These cases are "old" code, dealing with receiving stolen property and, as such, are of precedential value to a Sec. 31.03(b)(1) case.

**4.** In *Glover,* supra, we held that proof of all elements but intent made a charge on circum-stantial evidence unnecessary. The point of comparison is proof of unauthorized use in *Glover,* supra, with proof of lack of consent here.