LEONARDO GONZALES, *alias* TAMALE GONZALES V. STATE

No. 25600. December 5, 1951.
Rehearing Denied February 13, 1953.

Hon. Charlie Sullivan, Judge Presiding.

*Guilford L. Jones,* Big Spring, for appellant.

*Elton Gilliland,* District Attorney, *Hartman Hooser,* County Attorney, Big Spring, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for the possession of marihuana, with a sentence of six years in the penitentiary.

Appellant was engaged in some kind of business in a hall which, at the time of the charge, seems to have been barren of visible merchandise and was occupied by several customers who were dancing to the music of a nickelodeon. The officers

entered the place with a search warrant and were looking for whisky. In this they were richly rewarded by finding six half-pints of liquor, four half-pints of gin, a part of a pint of whisky, and some wine, together with a tobacco can in which were stored twenty-two marihuana cigarettes.

A reversal of the case is asked on this appeal on two grounds: First, the refusal of the trial court to give a charge on circumstantial evidence. The second is based on the contention that the evidence is insufficient to support conviction.

The evidence of both the state and the defense is to the effect that the marihuana was found above the ceiling in the men's rest room. In their search, a deputy sheriff climbed into the hole by stepping on a urinal and then was aided in going into the ceiling by the sheriff. He there found the quantity of liquor above described together with the can containing the cigarettes, all of which were handed down to the sheriff.

The defense relies upon the fact that this was a public place, that there were some twenty or thirty patrons present and, based on appellant's denial that he knew anything about the presence of the marihuana, the contention is further made that the marihuana could have been placed there by someone else; that the evidence is not conclusive that it belonged to or was there with the knowledge of appellant. It is further disclosed by the record that appellant was engaged in a law suit, on the civil docket of some court, over the ownership of the property and that there was present that very night a friend of his opposing party in the civil case. One witness testified in behalf of defendant that he saw this party there and saw him go into the men's rest room and, while standing on the floor, reach up and place a can of some kind in the ceiling. This is the extent of the pertinent evidence in behalf of defendant.

In rebuttal, the state shows that the officer had to climb into the hole in the ceiling to reach the whisky and the marihuana, that it was too high for the third party to stand on the floor and put it in the ceiling in the manner described by appellant's witness. The deputy sheriff testified, also, that he searched the entire attic, that the ceiling was covered with blocks of insulation which was overlaid with a heavy coat of dust. At the particular place where the liquor and marihuana were found the insulation had been removed leaving clear and clean of dust a place about two feet square, which served as a depository for

the prohibited articles. The only probative force found in this evidence is to deny the defensive theory that someone had on that night thrown the can into the ceiling. No reliance need be had on the condition described to make the state's case. This circumstantial evidence was relied on by the state to rebut the defense. The finding of the whisky and marihuana in the premises occupied and controlled by appellant, under his charge, furnishes direct evidence to support the jury's verdict and no circumstantial evidence is involved. For that reason the court did not commit error in refusing to give a charge on circumstantial evidence.

The jury did not have to believe the evidence of appellant and of his witnesses. It is very clear that they did not. The state's evidence is ample to support the conviction and the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

We remain convinced that the finding of the marijuana in the attic of the premises occupied and controlled by appellant, in a place cleaned and prepared for storage by the removal of insulation and dust found in other parts of the attic, constitutes direct evidence of the possession of marijuana.

Appellant urges that the trial court erred in failing to submit in his charge to the jury appellant's affirmative defense that the marijuana was placed in the cafe without his consent, and that he had no knowledge of its being there.

The trial court instructed the jury in part as follows:

"Even though you may find and believe from the evidence beyond a reasonable doubt that the defendant did possess marijuana, you are nevertheless instructed that unless you also find and believe from the evidence beyond a reasonable doubt that the said defendant knowingly possessed said marijuana, if he did so possess it, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict, 'not guilty'."

The only objection to this part of the charge was that the law of reasonable doubt was not properly applied. However, appellant did object because the court failed to instruct the jury

to acquit appellant if they found or had a reasonable doubt that the marijuana was placed "in the La Pasada Cafe" without appellant's consent.

We stated in our original opinion that the defensive theory was that someone had, on the night in question, thrown the can containing marijuana into the ceiling.

Appellant did not object to the charge because the defense raised was not applied to the facts as shown by the evidence, but contends now that the objection made was sufficient to direct the trial court's attention to the omission.

With this contention we cannot agree. Appellant's true defense was a lack of knowledge that the marijuana was stored in his attic. Whether placed there by appellant in person or by some other person acting for him, is not controlling. Nor would it avail appellant to show that the marijuana was placed in the attic without his consent if he had knowledge of its presence and permitted it to remain there under the protection of his control of the premises.

The trial court in the above quoted instructions, submitted to the jury the defense of lack of knowledge, and the only objection levelled thereat is without merit. If appellant was dissatisfied with the charge as given and desired that the trial court elaborate on his defensive theory, he should have called attention to such dissatisfaction by a specific objection as required by Art. 658, C.C.P.

The appeal having been properly disposed of on original submission, appellant's motion for rehearing is overruled.

Opinion approved by the court.