LANNON NEAL PINKSTON V. STATE

No. 27,407. February 9, 1955
Rehearing Denied (Without Written Opinion) March 30, 1955

*J. P. Moseley,* Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of possessing a bomb, and his punishment was assessed at 5 years in the penitentiary.

The testimony of three peace officers, while testifying for the state, shows that they saw the driver of an automobile fail to observe two stop signs; that they pursued the automobile, sounded the siren and, as the automobiles were being brought to a stop, they saw an object thrown from the right-hand side of the automobile they were following. Their testimony further shows that they recovered the object thrown from the automobile and found it to be a "jelly-like substance wrapped in a white cloth"; that they found two electric blasting caps with wires attached, fuses, flashlight batteries, gloves and a set of tools on the front floorboard of said automobile.

It was further shown that appellant was sitting in the right front seat, the driver being a man named Bobby Joe Neville, and another man named Stephens was in the rear seat at the time the automobile was stopped.

With reference to where appellant was sitting in the automobile, Constable Burnett testified that the blasting caps and fuses were in a brown paper sack "right between his feet."

Park Calhoun testified that his profession was that of an "explosive operator"; that he had examined the substance in question in this case and stated that such substance was nitro-jelly or jellied nitro-glycerin; and that he used portions of this substance for two explosions. He further testified that such substance, when exploded, was capable of causing damage to persons and property. Barnes v. State, No. 27,059 (page 510, this volume) 278 S.W. 2d 305; Hill v. State, No. 27,098, (page 540, this volume) 278 S.W. 2d 842.

Appellant did not testify and offered no evidence in his own behalf.

We find the evidence sufficient to sustain the conviction.

Appellant complains of the failure of the court to submit a charge on circumstantial evidence.

We conclude that the facts proved by the state constitute direct evidence that the appellant possessed a bomb, as alleged, and the submission of a charge on circumstantial evidence was not required. Bell v. State, 147 Texas Cr. R. 137, 179 S.W. 2d 550.

No reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the court.