Carter testified that appellant said he wanted his brother-in-law to get an estimate on the damage to his (Carter's) car and that Jack Curtis estimated the damages at $284. Carter was also asked and answered:

"Q. Did this man (referring to appellant) make any particular ownership or control of the car? A. Yes, sir.

"Q. What did he say? A. Well, he said he would fix my car.

"Q. If you wouldn't call the police? A. Yes, sir.

"Q. That is this defendant that sits right here? A. Yes, sir."

The circumstantial evidence is sufficient to show that the Plymouth automobile in which appellant was riding was the same 1949 Plymouth in which the officers found 13 cases of beer. The car the officers found was in the same position against the pole, and there were several people around it when the officers arrived. The license number of the Plymouth car the officers found the beer in was identified as that registered in the name of Inez Richardson, a sister of Jack Curtis who said appellant was his brother-in-law. This was consistent with appellant's statement that the car belonged to his wife. Jack Curtis appraised the damage to the Buick.

It is not a reasonable hypothesis that a mere passenger in an automobile loaded with beer in a dry area should be so interested in the police not being called as to assume responsibility for the damages done to another car, and would represent that the car in which he was riding belonged to his wife, when he did not know that 13 cases of beer were being transported therein and had no part in such unlawful act or in the control of the automobile.

We find the evidence sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

David James **FIELDS**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 30316.

Court of Criminal Appeals of Texas.

Feb. 4, 1959.

William H. Shireman, John R. Padilla, Corpus Christi, King C. Haynie, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of marijuana; the punishment, fifty years.

After a deputy sheriff was informed that a certain described automobile was being used to transport marijuana, he saw the car so described, unoccupied, on a parking lot, and from a near-by point began observing it. At this time the deputy sheriff by radio transmitted such information to two other officers and they took a position three blocks distant from the parked car. Shortly thereafter four men were seen leaving a building across the street from the car being observed. The deputy sheriff testified that these men walked toward the parked car, one carrying a brown paper sack, "just which one I couldn't say." He further testified that when the men arrived at the car the person carrying the sack placed it on the floor board in the back on the left side and entered the rear seat, two entered the front seat and the record fails to account for the fourth man.

They drove away in the car and the officers followed and soon stopped them. The officers testified that when the car was stopped, the owner of the car was seated on the right in the front seat, another was driving, and the appellant was seated on the left in the rear seat; and before the car was stopped they had seen the appellant stooping over like he was looking at something. They further testified that they took into their possession a large brown paper sack containing five smaller sacks which was on the back floor on the left side of the car.

The proof shows that each of the small sacks in the large paper sack contained marijuana.

Appellant did not testify but called one witness who was asked if he knew of appellant ever having been in trouble concerning marijuana. The state's objection to this question was sustained. No further testimony was offered.

The contention that the search of the automobile was illegal because the officers were without a search warrant cannot be sustained as the evidence shows that appellant did not own the automobile and that the owner was in the car at the time of the search, therefore, there was no invasion of the rights of the accused. Moss v. State, 135 Tex.Cr.R. 181, 117 S.W.2d 428; Lee v. State, 148 Tex.Cr.R. 220, 185 S.W.2d 978; Smith v. State, 159 Tex.Cr.R. 271, 262 S.W.2d 723. It also appears that the search was authorized on probable cause.

Appellant complains of the refusal of his requested charge wherein he sought to have the jury instructed that mere presence alone will not constitute one a principal.

There was testimony offered that the person carrying the sack placed it on the floor board in the back on the left side and entered the rear seat of the car. Only one person was in the rear seat while the officers were following the car and he sat on the left side. When the officers stopped the car, appellant was the only person seated on the left in the rear seat with the sack at his feet.

The court in applying the law to the facts in the charge, authorized the jury to convict the appellant if they believe beyond a reasonable doubt that he, acting either alone or jointly with the other occupants of the automobile possessed the marijuana.

The charge did not make appellant's guilt depend upon the commission of an offense by another when the appellant was present and knowing the unlawful intent, aided and assisted or encouraged by acts or words the person or persons committing it.

Therefore, a charge that the mere presence of the appellant would not constitute him a principal was not called for because there was evidence of his direct participation in the possession of the sack containing the marijuana. 24–A Tex.Jur. 676, Sec. 97, Mann v. State, 161 Tex.Cr.R. 432, 277 S.W.2d 718.

Error is urged because of the failure of the court to charge on circumstantial evidence.

There was evidence that the appellant had been carrying the sack and also had the sack containing marijuana at his feet in the car. These facts are sufficient to constitute direct evidence of the possession of the marijuana by the appellant, hence a charge on circumstantial evidence was not required.

Other contentions urged have been considered and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.