Santos RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 59530.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 24, 1981.

Jerry Gardner, Robert G. Turner, Houston, for appellant.

Ogden Bass, Dist. Atty., Doyle W. Neighbours, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for the offense of possession of more than four ounces of marihuana. The punishment is imprisonment for seven years.

The appellant argues that the trial court committed reversible error when it failed to include a circumstantial evidence charge in its instructions to the jury. We agree and reverse.

The evidence, presented in a light most favorable to the verdict, reveals that on November 23, 1976, Manuel Ramirez, Lewis Pierce and Marvin Pierce went hunting. They visited property owned by Ramirez's uncle, Caterino Soria, just as it was getting dark. The road to the property passed through two gates, one of which was locked that night. Ramirez had been given a key to open the locks. After passing through the gates, the road led into a clearing in which a shed and a camp house were located. When the three men arrived, they noticed a blue truck with its lights on, parked in front of the shed. Ramirez and the Pierce brothers walked over to the truck and saw the appellant and another man both smoking marihuana cigarettes. The

appellant and the other man were standing beside a camper which was resting on top of four barrels located within the shed. There were a set of scales and green trash bags sitting by the side of the camper. After a brief conversation, Ramirez and the Pierces left to go hunting. The three returned two or three hours later and found no one else there. They began searching the area and found a great deal of marihuana in two of the barrels on which the camper was resting. Each man took two bricks of marihuana and then they left. The police were later contacted and the marihuana was turned over to them.

On November 24, the police, pursuant to a search warrant, went to the property. They apprehended Julian Soria, the owner's cousin, as he was leaving the land. In the trunk of his vehicle the police found two bricks of marihuana within a trash bag. The police then used Julian's keys to gain entrance to the property and the camp house. The police located over two hundred pounds of marihuana in the two barrels. Inside the camp house they also found a set of scales and green trash bags. The officers also noticed that the camper had secret compartments, in which they found marihuana seeds. The appellant was indicted for possessing the marihuana found in the barrels.

At the appellant's trial, Caterino Soria testified that he was a friend of the appellant. He had given the appellant keys to get into the property. However, he did not give him a key to the tractor that was found parked in front of the shed at the time of the search. He added that ten to fifteen people had keys to the property but only ten had a key to the tractor. He testified that he thought the camper belonged to the appellant but admitted he really did not know to whom it belonged. Finally, Soria testified that appellant had been on the property during November for a party. At that time, he smelled burning marihuana.

Jack Kline testified that he was working at a convenience store on November 23. The appellant purchased green trash bags.

He saw the appellant get into a light blue pickup truck and leave.

Manuel Ramirez, in addition to testifying about the events leading to the discovery of the marihuana, stated that the appellant had threatened him. Two days after Ramirez had found the marihuana, the appellant threatened to blow up Ramirez's trailer and kill one of his children. The appellant told Ramirez that someone saw him take the "stuff" and the appellant wanted either money or the "stuff" returned. The appellant was accompanied by a man who was armed.

The appellant testified and denied that he owned the camper or the marihuana. The appellant properly objected to the trial court's failure to include an instruction on circumstantial evidence to the jury.

■ A trial court, in order to decide if a charge on circumstantial evidence is required, must first determine if the evidence of the main fact essential to establish guilt is purely and entirely circumstantial. Direct evidence directly demonstrates the ultimate fact to be proven, whereas circumstantial evidence is direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proven. *Richardson v. State*, 600 S.W.2d 818 (Tex. Cr.App.1980); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973).

■ In the case at bar, the ultimate fact for the State to prove was whether the appellant had care, custody, control, and management of the marihuana found in the barrels. *Galvan v. State*, 598 S.W.2d 624 (Tex.Cr.App.1979); *Ramos v. State*, 478 S.W.2d 102 (Tex.Cr.App.1972) (Opinion on Motion for Rehearing). The evidence presented by the State did not directly demonstrate this ultimate fact. There was evidence that the appellant was in close proximity with the marihuana but he did not have sole access to the area. See *Armstrong v. State*, 542 S.W.2d 119 (Tex.Cr. App.1976); *Belmarez v. State*, 509 S.W.2d 635 (Tex.Cr.App.1974); *Ramos v. State*, supra. He was seen smoking a marihuana cigarette but that does not directly demon-

strate he had control and custody of the marihuana found in the barrels. There was no testimony that the appellant exercised any control over the barrels. The threats made to Ramirez for taking the "stuff" are also not direct evidence. See *Galvan v. State*, supra, Opinion on Motion for Rehearing. While this evidence may be sufficient to support a finding of guilty, it is not direct evidence. See also *Graybill v. State*, 601 S.W.2d 353 (Tex.Cr.App.1980); *Draper v. State*, 513 S.W.2d 563 (Tex.Cr.App.1974); *Selman v. State*, 505 S.W.2d 255 (Tex.Cr.App.1974); *McBride v. State*, 486 S.W.2d 318 (Tex.Cr.App.1972); *Denny v. State*, 473 S.W.2d 503 (Tex.Cr.App.1971) (Opinion on Motion for Rehearing); *Scelles v. State*, 172 Tex.Cr.R. 474, 358 S.W.2d 623 (Tex.Cr.App. 1962).

However, our inquiry does not end here. This Court has stated that there may be situations where the proven facts are so closely related to the ultimate fact to be proved so as to be the equivalent of direct evidence. *Oltiveros v. State*, 474 S.W.2d 221 (Tex.Cr.App.1971); *Roberts v. State*, 489 S.W.2d 893 (Tex.Cr.App.1972); *Frazier v. State*, 576 S.W.2d 617 (Tex.Cr.App.1978); *LeDuc v. State*, 593 S.W.2d 678 (Tex.Cr. App.1978). When the proven facts are of such "close juxtaposition," a circumstantial evidence charge is not required. *LeDuc v. State*, supra. The facts proven in the present case clearly fall short of being considered the equivalent of direct evidence. The jury's determination that the appellant had custody and control of the marihuana was based upon inference and reasoning and a circumstantial evidence charge was required. *Frazier v. State*, supra; *Belmarez v. State*, supra.[1]

The judgment is reversed and the cause is remanded.

1. See *Richardson v. State*, supra at 826 (Dally, J. Dissenting) for a discussion of the treatment of circumstantial evidence charges in other jurisdictions.