**Trinidad Amparan FLORES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-81-015-CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 25, 1981.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of possession of marijuana of more than four ounces. Appellant was sentenced to four years in the Texas Department of Corrections.

We affirm the judgment of the trial court.

In the early morning hours of November 15, 1977, Fort Worth police officers executed a search warrant at appellant's residence. Upon entering the dwelling, Officer DeLaFlor asked the appellant, "Trini where is your dope?" The appellant walked into the kitchen and opened a drawer revealing a brick of marijuana weighing in excess of one pound. Appellant was immediately advised that he was under arrest and given his constitutional rights. A search of the remainder of the house produced more marijuana and other controlled substances.

At trial, Officer DeLaFlor testified, over appellant's objection, to the events immediately prior to appellant's arrest. Appellant's first ground of error contends that the admission of this testimony into evidence was reversible error because appellant's actions were tantamount to a confession, made under custodial interrogation, without the benefit of being advised of his rights via the *Miranda* warning and his waiver thereof. We reject this contention. Appellant's voluntary act immediately prior to his arrest was part of the res gestae of that arrest. Res gestae conduct or statements are admissible to show the relevant details and circumstances of the arrest. *Spann v. State*, 448 S.W.2d 128 (Tex.Cr. App.1969). The fact that appellant's con-

duct was not preceeded by the statutory *Miranda* warning set out in V.A.C.C.P. art. 38.22 is of no consequence under the res gestae rule. *Miles v. State*, 488 S.W.2d 790 (Tex.Cr.App.1972). Section 5 of art. 38.22, states in part: "Nothing in this article precludes the admission ... of a statement that is the res gestae of the arrest or of the offense, ...." Appellant's first ground of error is overruled.

■ Appellant's second ground of error urges that the trial court committed reversible error in overruling his objection that the jury's request for the testimony concerning Officer DeLaFlor's entry into the residence should include (in addition to the witness' testimony on direct examination) appellant's cross-examination of the witness. This, appellant contends, amounted to an impermissible comment on the weight of the evidence. Appellant's objection at trial did not specify that the court's response to the jury note was a comment on the weight of the evidence. Appellant merely objected to the fact that his cross-examination of that witness on the requested testimony was omitted from the court's reply to the jury. It is for the first time on appeal that the argument is made that this was a comment on the weight of the evidence. "The ground of error presented on appeal must be the same as the objection raised at trial. Nothing is presented for review." *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Cr.App.1976). Appellant's second ground of error is overruled.

■ Next, appellant argues that the trial court committed reversible error by not charging the jury on the law of circumstantial evidence. We overrule this ground of error. At trial appellant and his wife testified that one Salvatore Bonillo lived in the same house with them. Appellant also testified that the marijuana was Bonillo's. Appellant contends that this testimony supported the requested charge on circumstantial evidence. The appellant contends that there was nothing but circumstantial evidence as to an essential element of the crime, to wit: "[T]hat he exercised care, control, and management over the contra-

band; ...." *Ramos v. State*, 478 S.W.2d 102, 103 (Tex.Cr.App.1972). However, other evidence adduced at trial showed conclusively that the dwelling was appellant's residence. Except for the testimony of appellant and his wife, there was no evidence that the dwelling was occupied by anybody other than appellant and his family. The landlord was not told that anyone else would be occupying the premises. The contraband was found in appellant's residence where he would have direct access to it and where he in fact knew it to be when he directed the arresting officer to its location.

This is not a case where appellant was arrested for possession in the midst of several people, any of whom could have exercised care and control over the contraband. *Selman v. State*, 505 S.W.2d 255 (Tex.Cr.App.1974); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973). Nor is this a case where all of those arrested resided at a place other than where the arrest was made or contraband seized. *Selman v. State, supra.* The cases cited required a charge on circumstantial evidence because of the multiplicity of those arrested at the scene and the uncertainty as to who, if anybody, resided in the dwelling. Such is not the situation in the instant case. Appellant relies on *Ramos v. State, supra*, wherein the failure to give the requested charge on circumstantial evidence was ruled to be reversible error. In that case the contraband was found in an unlocked utility room behind the defendant's house. Access to that area was available to a number of persons other than the accused. We find the facts in the instant case distinguishable from those in *Ramos*. Appellant's third ground of error is overruled.

Grounds of error four and five relate to defense counsel's attempts to call Salvatore Bonillo as a witness. Outside the presence of the jury Bonillo was called as a witness. Exercising his Fifth Amendment right, he refused to testify about any of the facts relevant to the case. The trial court refused to allow appellant's counsel to question the witness claiming this right in the presence of the jury. The trial court also refus-

ed to permit appellant's counsel to argue to the jury why Bonillo could not be called as a witness. Appellant cites these rulings as reversible error.

 Where a witness, other than the accused, invokes the Fifth Amendment, and declines to testify, such invocation is not permitted to be viewed by the jury. Since no inference of guilt can be drawn against the declining witness, no inference as to guilt or innocence can be made about the defendant. *Rodriguez v. State*, 513 S.W.2d 594 (Tex.Cr.App.1974). Where evidence is improper for admission in a criminal trial, it is also improper material to be argued to the jury. *Bacon v. State*, 500 S.W.2d 512 (Tex.Cr.App.1973). Grounds of error four and five are overruled.

The judgment of the trial court is affirmed.