Alfonso Rodriquez ESTRADA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00143–CR.

Court of Appeals of Texas, San Antonio.

Oct. 20, 1982.

Royal K. Griffin and James V. Mazuca, San Antonio, for appellant.

Bill White, Dist. Atty., Charles B. Tennyson, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

Appellant appeals a conviction for possession of marihuana over four ounces which resulted in a sentence of ten years' confinement in the Texas Department of Corrections. Three grounds of error are presented on appeal. We affirm.

The facts of this case are the following: Officers of the Narcotics Bureau of the San Antonio Police Department received an anonymous tip that marihuana was being grown in the yard next to and behind the house at 5840 Monterrey in San Antonio, and that the persons living there were preparing to harvest the plants for resale. Upon arriving at the scene, the officers observed from the street the growing marihuana and proceeded to drive onto the premises. A woman, later identified as appellant's wife, was standing in the patch of marihuana with freshly picked leaves in her hand. Appellant was standing within reaching distance of the plants. There were also numerous plants drying on the clothesline. Both appellant and the woman were placed under arrest and the plants seized. After obtaining a search warrant,

the officers searched the house and confiscated some marihuana cigarettes.

■ We will deal with appellant's grounds of error in the order that they arose at trial rather than in the order presented. Appellant alleges the trial court erred in overruling his motion to set aside the indictment under the Texas Speedy Trial Act, Tex.Code Crim.Pro.Ann. arts. 32A.01–.02 (Vernon Supp.1982). The issue is what effect an unsigned announcement of ready has on the requirement that the State be ready for trial within 120 days from the date of arrest. The unsigned announcement was filed within the 120 days and there was evidence by way of a notation on the court's file jacket that an oral announcement had been made on the same day. However, the failure to sign the announcement is not the controlling fact, but rather whether the State was actually ready at the time the announcement was filed. Even if the written announcement is treated as a nullity and an oral announcement did not occur, the fact that the State announced at the hearing on the motion to dismiss that it was presently ready and that it had been ready since the date of indictment, establishes a *prima facie* case of readiness; the burden then shifts to the defendant to show that the State was in fact not ready. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). As noted in *Barfield,*

> Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial then and *at the times required by the Act.* This declaration is a *prima facie* showing of conformity to the Act, but can be rebutted by evidence submitted by the defendant demonstrating that the State was not ready for trial during the Act's time limits.

*Id.* at 542 [Emphasis added]. The burden is on the defendant to make the first move by filing the motion to dismiss and his failure to do so before trial constitutes in a waiver. *Id.*

Appellant filed his motion the day before trial. At the hearing on such motion the next day the State announced that it was presently ready and that it had been ready since the date of indictment. Appellant offered no evidence to show the State had not been ready during the required time. He thus failed to meet his burden. We overrule ground of error number two.

In his remaining two grounds of error, appellant alleges the trial court erred in failing to give a circumstantial evidence charge to the jury, and that there was insufficient evidence to support the verdict.

This case is clearly a circumstantial evidence case, for there is no direct evidence of two necessary elements of the offense. The following elements must be proven for the offense charged: (1) that appellant knowingly or intentionally (2) exercised actual care, custody, control or management, Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(23) (Vernon 1976), (3) of a usable quantity (4) of marihuana (5) over four ounces. Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 4.05(a) (Vernon 1976). The only elements on which direct evidence was introduced were that the plants seized were marihuana, that they were a usable quantity, and that they exceeded four ounces. Evidence of possession and intent was circumstantial.

■ The next question is whether the appellant was entitled to a circumstantial evidence charge, as requested. Although circumstantial evidence is involved, unless "the evidence of the main fact essential to establish guilt is purely and entirely circumstantial ...", the charge is not required. *Rodriguez v. State,* 617 S.W.2d 693, 694 (Tex.Cr.App.1981). The only evidence as to possession is that appellant lived at the house with his wife and no one else resided therein; this is purely circumstantial. However, when the only element proven by circumstantial evidence is intent, the charge is not required, even if the evidence is purely and entirely circumstantial. *See Glover v. State,* 566 S.W.2d 636, 638 (Tex.Cr.App. 1978). Evidence of both intent and possession was entirely circumstantial, and this rule, therefore does not apply.

■ A companion and overlapping proposition to the requirement that the evidence be purely circumstantial is the "close juxtaposition" rule. When the facts proved circumstantially are so closely related to the main fact to be proved as to be the equivalent of direct evidence, a charge of circumstantial evidence is not required. *Oltiveros v. State,* 474 S.W.2d 221 (Tex.Cr.App.1971).

The facts before us reflect that marihuana was being openly cultivated, harvested and dried in the back yard of the house where appellant and his wife, and no one else, resided. Appellant was first observed by the officers standing within arms reach of the marihuana which his wife was at that moment harvesting and in close proximity to other marihuana plants already harvested and drying on the clothesline. In addition, marihuana cigarettes and a small quantity of loose marihuana were found inside the house.

■ This evidence of appellant's culpability on the issues of possession and intent, albeit circumstantial, falls within the "close juxtaposition" rule, and thus an instruction on circumstantial evidence was not required. Ground of error number three is overruled.

■ Appellant's last ground of error alleges that there was insufficient evidence to support the jury's verdict. In order to establish that the accused intentionally or knowingly possessed the contraband in question, the State must show that he exercised care, custody, management, or control over the substance and that he knew the substance was contraband. *Rodriquez v. State,* 635 S.W.2d 552 (Tex.Cr.App.1982) and cases cited therein. The evidence must affirmatively link the accused to the contraband to such an extent that a reasonable inference arises that he did possess the substance. *Id.* When the accused is not in exclusive possession of the premises, additional facts besides mere presence are required to meet this burden. *Id.; Gutierrez v. State,* 628 S.W.2d 57, 60 (Tex.Cr.App. 1980). This additional evidence can be circumstantial as long as the evidence excludes every other reasonable hypothesis

except that of the guilt of the accused. *Gutierrez,* 628 S.W.2d at 60.

■ To sustain the conviction in this case, the evidence must not only show intentional or knowing possession, but it must also show that a usable quantity of marihuana over four ounces was possessed. Tex.Rev.Civ.Stat.Ann. art. 4476–15, §§ 1.02(23), 4.05(a); (b)(1) (Vernon 1976). There is no question that the evidence supports such a finding. Appellant does not question the quality or quantity of marihuana, the main controversy is whether appellant knowingly or intentionally exercised actual care, custody, control, or management over the contraband.

Three police officers testified that they knew appellant lived at the address in question, and one of the three testified that he had seen appellant's driver's license, that it listed the address involved, and that appellant said the address was his current address. One officer also testified that the appellant lived there with his wife and that the woman arrested with appellant was his wife. The marihuana plants were five feet tall and at one place were in a row fifteen to twenty feet long. The dried marihuana leaves confiscated weighed 18.3 ounces or 1.1 pounds. Marihuana cigarettes and a small quantity of loose marihuana were found inside the house. True, the State could have been more exhaustive and thorough by introducing property tax records, utility bills, deeds, leases, or a copy of the police report in which appellant gave his address, but since the trial court incorrectly excluded two receipts and a payroll voucher with appellant's name on them, further evidence, if it existed, might have also been excluded. *Cf. Foster v. State,* 635 S.W.2d 710, 718–720 (Tex.Cr.App.1982); *Mendoza v. State,* 583 S.W.2d 396, 397 (Tex.Cr.App. 1979); *Bucklin v. State,* 634 S.W.2d 44, 47 (Tex.App.—Beaumont 1982).

In determining whether the above evidence was sufficient, an examination of two cases with similar facts is helpful. In *Williams v. State,* 524 S.W.2d 705 (Tex.Cr.App. 1975), defendants, man and wife, were tried

for possession of marihuana. Marihuana was found growing in the back yard, and seeds were found inside the house that was occupied by the two defendants alone. The husband told police officers that he alone and not his wife owned the plants. The Court of Criminal Appeals held there was sufficient evidence to convict both for possession. *Id.* at 707. In *Herrera v. State,* 561 S.W.2d 175 (Tex.Cr.App.1978), a man and woman were charged with possession of marihuana. The defendants denied that they were married, but letters and envelopes were introduced showing them to be man and wife, and the court held this was sufficient to link both to the contraband. *Id.* at 179. The court further held that growing plants found in an apartment, seeds, "roaches," and loose marihuana also found in plain view were sufficient to show that whoever possessed the marihuana knew it was contraband. *Id.* Following the reasoning in these two cases we hold in this case that the fact that the marihuana was in plain view; that it was being grown, cultivated, and dried on the clothesline; that it was not wild; that it was being used in cigarettes; that both appellant and his wife knew it existed; and that appellant resided on the property; are sufficient facts to support the verdict that appellant knowingly or intentionally possessed the marihuana. Ground of error number one is overruled.

The judgment of the trial court is affirmed.

ESQUIVEL, Justice, dissenting.

I respectfully dissent with the majority's holding on appellant's ground of error number three.

The majority concedes that the evidence of both intent and possession is purely circumstantial. I agree.

The majority has decided that the "close juxtaposition" rule is applicable and thus appellant was not entitled to a circumstantial evidence charge. However, examination of the cases dealing with circumstantial evidence of possession leads to the conclusion that the rule is inapplicable in this case.

Cases that have held a circumstantial evidence charge was not required involved facts that resulted in a conclusion that the only person that could have possessed the contraband was the defendant. There was no question as to whether all reasonable alternative hypotheses had been excluded, for there were none to begin with; the only person the evidence pointed to was the defendant. These cases involved direct testimony that the defendant transferred or at one time had on his person an unmarked or unidentified object or package that later proved to be contraband, *See Houston v. State,* 506 S.W.2d 907, 908 (Tex.Cr.App. 1974) (matchbook dropped onto floor during search); *Alvarez v. State,* 508 S.W.2d 100, 102 (Tex.Cr.App.1974) (bottle found in back of police car matched the one the suspect had tried to sell, police car had been searched before suspect placed inside, and suspect only one in the back seat); *Roberts v. State,* 489 S.W.2d 893, 895 (Tex.Cr.App. 1972) (defendant seen placing object in buyer's pocket in a closed location); *Oltiveros v. State,* 474 S.W.2d 221, 222–23 (Tex.Cr. App.1971) (exchange occurred in car that had been searched before the transfer); *Cuellar v. State,* 169 Tex.Cr.R. 604, 336 S.W.2d 159, 160–61 (1960) (cigarette seen in defendant's possession before discarded); *Aguero v. State,* 164 Tex.Cr.R. 265, 298 S.W.2d 822, 826 (1957). Such cases also have involved situations wherein the person was identified or chosen out of a group by the fact that he was seen with the item and/or he was in such a location that he was the only one who could have possessed the item. *See Noah v. State,* 495 S.W.2d 260, 266 (Tex.Cr. App.1973) (package thrown from car and defendant only occupant); *Fields v. State,* 168 Tex.Cr.R. 76, 323 S.W.2d 439, 440 (1959) (person with brown sack that contained marihuana got in back seat and defendant only one in back seat); *Pinkston v. State,* 161 Tex.Cr.R. 310, 276 S.W.2d 259 (1955) (defendant sitting in right front of the car and object thrown from that window). The fact that the defendant had sole occupation and control of the premises or vehicle was

held sufficient to justify refusing the charge. *See Harris v. State,* 486 S.W.2d 88, 92 (Tex.Cr.App.1972); *Gonzales v. State,* 157 Tex.Cr.R. 8, 246 S.W.2d 199, 200 (1951).

The only case that closely resembles this one is *Flores v. State,* 625 S.W.2d 91 (Tex. App.—Fort Worth 1981), and I disagree with the reasoning therein. In *Flores,* the defendant resided in the house with his wife, and claimed that a third party also lived there and it was that person's marihuana that was found in a drawer. However, in response to a question by police officers as to where his "dope" was, the defendant revealed the marihuana. The court appears to have reasoned that knowledge coupled with occupancy with a spouse alone is sufficient to justify the denial of a circumstantial evidence charge. *See Id.* at 93. However, what the case in fact involved was an admission which constituted direct evidence and made the charge on circumstantial evidence unnecessary. *Cf. Stein v. State,* 514 S.W.2d 927, 933–34 (Tex. Cr.App.1974) (defendant told third party he knew marihuana was in his van); *Brown v. State,* 437 S.W.2d 828, 829–30 (Tex.Cr.App. 1968), *cert. denied,* 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782 (1969) (defendant admitted heroin was his).

The fact that the appellant lived in the house with his wife and the marihuana was growing in plain view goes to the weight and sufficiency of the evidence, but it does not change the fact that the evidence was circumstantial. Closely analogous to the case at bar is *Draper v. State,* 513 S.W.2d 563 (Tex.Cr.App.1974), which dealt with two individuals who were not related that were found in a car owned by one of them. Even though heroin was found in between the two and the defendant had fresh needle marks on his arm, the court reversed for failure to give the charge and held it was a reasonable hypothesis that the other party may have obtained the heroin when he went to make a phone call and there was not direct evidence that the other party acted with or on behalf of the defendant. Further, as long as the accused is not in sole possession and occupancy of the premises, the fact that the contraband is located therein is not enough to support the refusal of a circumstantial evidence charge. *See Rodriguez v. State,* 617 S.W.2d 693, 694 (Tex.Cr.App.1981).

I can only conclude therefore that the majority is convinced that intent and possession may be inferred by the mere fact that appellant was married to the person actually in possession and that appellant was at a location on the premises where he had a perfect right to be; this is when the majority and I come to a parting of the ways. The majority wrongfully infers intent and possession because it refuses to accept the changes in our society. Nowadays, it is reasonable to infer that in a majority of households throughout this land what a spouse does or does not do therein is in many instances without the consent and knowledge of the other spouse. Marriage alone does not change joint occupancy into sole occupancy, nor does it automatically create criminal responsibility for the actions of a spouse. It was a reasonable hypothesis that appellant's wife was growing and using the marihuana, and that appellant was in no way involved.

Under the cases cited and the evidence as presented in the trial of this case, I cannot subject appellant to the "close juxtaposition rule" and thereby deny him a charge on circumstantial evidence. I would sustain appellant's third ground of error and reverse and remand this case to the trial court for a new trial.