# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00076-CR

**Jeffrey L. Joyles, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 52,338, HONORABLE JOE CARROLL, JUDGE PRESIDING

In a jury trial, Jeffrey L. Joyles was convicted of possession of a controlled substance, cocaine in an amount over one but less than four grams, with intent to deliver. *See* Tex. Health & Safety Code Ann. ' 481.112(c) (West Supp. 2002). Appellant pleaded Atrue@ to four enhancement paragraphs; the jury assessed punishment at sixty years= confinement in the Texas Department of Criminal Justice-Institutional Division. We will affirm the conviction.

**Factual and Procedural Background**

As a result of an investigation into the possible sale of cocaine at a particular house in Killeen, Texas, officers from the Killeen Police Department served a search warrant at that house in February 2001. As they arrived at the house, the offices noticed two pit bull dogs in the back yard. As they entered the house, the officers first encountered Tiffany Thomason and two small children in the dining area, then found Diane Turner and a third child in a bathroom.[1]

The officers estimated it took them approximately 30 seconds from their entry into the house to their arrival in the back bedroom, described as ATiffany and Jeff=s.@ Officers found appellant and Eric Sims in the master bedroom at the back of the house. Appellant, who was unemployed, was searched and $1200 in cash found on his person.[2] Officers smelled the odor of burnt marihuana in the bedroom. Their search revealed a Sentry safe that contained a white residue which field-tested positive for cocaine. A search of the master bathroom, which could be entered only through the master bedroom, revealed a plastic bag containing suspected cocaine floating in the toilet. The officers found a gun in the closet in the master bedroom. The officers found a Texas hunting license in appellant=s name on a bureau in the master bedroom. Officers found a small, hand-held scale in a converted, attached garage where they also found a supply of small plastic bags.

---

[1] Tiffany Thomason was living with appellant at the time. Diane Turner is Thomason=s mother. She also lived in this house.

[2] Appellant asserted that the money came from lottery winnings that his father sent him from Florida.

At trial, Officer Robert Clemons, an investigator in the organized crime division of the Killeen police department, testified that the scales were commonly used to weigh cocaine to break larger amounts into smaller amounts for sale. He testified that he thought the amount of cocaine recovered from the toilet was more than was characteristic for individual use. He testified that based on his training and experience, the evidence found at the house, including the amount of cash found on appellant, was consistent with cocaine being sold from the house.

Officer Turck, part of the search team, testified that the appellant and Sims were only six to eight feet from the cocaine in the bathroom. They appeared to be attempting to get rid of the cocaine. He said that the scales found in the garage were often used in selling cocaine. Deborah Regan, a chemist with the Department of Public Safety, testified that the amount of cocaine recovered from the plastic bag found in the toilet was 2.06 grams.

Tiffany Thomason testified that she, her mother, and her children lived at the house with appellant. She said that many people came and went from the house, visiting appellant. She said the safe, scale, gun and pit bulls belonged to appellant. She was an admitted marihuana user, but said that the cocaine was appellant=s.

Diane Turner was Thomason=s mother. She testified that she had seen appellant with cocaine at the house. She suspected that he was selling drugs at the house because of the number of people coming and going who immediately went back to Tiffany and Jeff=s bedroom and who stayed only a short time. In a written statement made to police she said that she had seen Jeff give cocaine to a visitor and

**3**

receive money. On cross-examination, she was somewhat unsure in answering exactly how she had identified the substance as cocaine.

Appellant attempted to introduce evidence that Eric Sims, the other person found in the bedroom, had been convicted for possession of cocaine. The court did not allow that evidence to be introduced. Eric Sims was never called as a witness.

After the jury convicted him, appellant pleaded Atrue@ to four enhancement paragraphs based on previous convictions for possession and delivery of drugs. On appeal, appellant brings three points of error. In point one, he contends that the evidence is legally and factually insufficient to find beyond a reasonable doubt that appellant possessed cocaine. In point two, he claims the evidence was legally and factually insufficient to find beyond a reasonable doubt that appellant intended to deliver cocaine. In point three, he contends that the trial court abused its discretion in excluding Eric Sim=s conviction for possession of a controlled substance. We will consider points one and two together.

## Discussion

### *Standard of Review*

When the court reviews the legal sufficiency of evidence, it does so in the light most favorable to the verdict to determine whether a rational finder of fact could have found all the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). If there is evidence that establishes guilt beyond a reasonable doubt and if the believes the evidence, the reviewing court is not in a position to reverse the judgment on sufficiency of the evidence grounds. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.

App. 1988). The jury as trier of fact is entitled to resolve any conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001); *Moreno*, 755 S.W.2d at 867.

In performing a factual sufficiency review, all of the evidence is considered equally, including testimony of defense witnesses and the existence of alternative hypotheses. *See Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, shows that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Due deference must be given to the fact finder=s determination, particularly those determinations concerning the weight and credibility of the evidence. *Id*. at 9. The appellate court does not interfere with the jury=s resolution of conflicts in the evidence or pass on the weight or credibility of testimony. Unless the record clearly reveals that a different result was appropriate, an appellate court should defer to the jury=s determination concerning what weight to give contradictory testimonial evidence because the jurors= resolution of such conflicts often turns on an evaluation of credibility and demeanor by the jury. *See Johnson*, 23 S.W.3d at 8-9.

*Possession with Intent to Deliver*

To prove drug possession, the State must show that a defendant exercised care, custody, control, or management over the drugs, and that he knew he possessed a controlled substance. *Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); *Martinets v. State,* 884 S.W.2d 185, 187 (Tex. App.CAustin 1994, no pet.). When a defendant is not in exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant with the drugs. *Brown v. State,* 911 S.W.2d 744, 747-48 (Tex. Crim. App. 1995); *Hackleman v. State,* 919 S.W.2d 440, 444 (Tex. App.CAustin 1996, pet. ref=d, untimely filed); *Martinets,* 884 S.W.2d at 187. More than the defendant=s mere presence near the drugs is required, especially other persons people are present or in possession of the place where the drugs are found. *Villarreal v. State,* 865 S.W.2d 501, 503 (Tex. App.CCorpus Christi 1993, pet. ref=d); *Estrada v. State,* 643 S.W.2d 753, 756 (Tex. App.CSan Antonio 1982, no pet.).

The State=s evidence need not exclude every reasonable hypothesis other than the defendant=s guilt, but it must show facts and circumstances that, viewed in the totality of the circumstances, indicate the defendant=s knowledge and control over the drugs. *See Brown,* 911 S.W.2d at 748; *Hyett v. State,* 58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d); *Howard v. State,* 972 S.W.2d 121, 124 (Tex. App.CAustin 1998, no pet.). Affirmative links between a defendant and illegal drugs may include: the defendant=s presence when the drugs are found; whether the drugs or other contraband were in plain view; the defendant=s proximity to and the accessibility of the drugs; whether the defendant was under the influence of drugs when the drugs were found; whether the defendant possessed other contraband or drug paraphernalia; whether the defendant made incriminating statements or furtive

gestures or tried to flee; whether there was any noticeable drug odor; whether the defendant had the right to possess the place where the drugs were found; and whether that place was enclosed. *See Hyett,* 58 S.W.3d at 830; *Martinets,* 884 S.W.2d at 188; *Villarreal,* 865 S.W.2d at 503-04.

Intent to deliver may be proved by circumstantial evidence, including evidence surrounding its possession. *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex. App.CFort Worth 1995), *aff=d*, 945 S.W.2d 115 (Tex. Crim. App. 1997); *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.CHouston [1st Dist.] 1994, pet ref=d); *Reece v. State*, 878 S.W.2d 320, 325 (Tex. App.CHouston [1st Dist.] 1994, no pet.). Factors courts have considered include: the nature of the location at which the defendant was arrested; the quantity of controlled substance in the defendant=s possession; the manner of packaging; the presence of drug paraphernalia (for either drug use or sale); the defendant=s possession of large amount of cash; and the defendant=s status as a drug user. *Williams*, 902 S.W.2d at 507; *Mack v. State*, 859 S.W.2d 526, 528-29 (Tex. App.CHouston [1st Dist.] 1993, no pet.). If the record supports conflicting inferences about whether the contraband was possessed for personal use or delivery, we presume that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *Reece*, 878 S.W.2d at 325-26.

### *Application*

In this case, appellant had been seen using cocaine at this house. Other people living at the house said appellant resided there. Officers executing the search warrant found him in a room at the back of the house in close proximity to the contraband. Officers smelled marihuana in the room and found cocaine residue in a safe in the bedroom. Cocaine in a plastic bag was found floating in the toilet in the

**7**

attached bathroom, which is consistent with an attempt to destroy the evidence. Other paraphernalia associated with drug use and dealing, such as the particular brand of safe and the scales, was found. One witness said she saw him selling cocaine at the house, or at least exchanging something that looked like cocaine for money. Many visitors came and went, staying only a short time. Appellant, who was unemployed, was found with a significant sum of cash on him. The State proved multiple factors that affirmatively linked appellant to the drugs and supported an intent to deliver. The evidence is legally sufficient to support the jury=s verdict. We overrule point one.

We now view the evidence in a neutral light, considering the evidence both for and against the finding of guilt. Appellant=s principal evidence against guilt was the presence of another person in the room with appellant and other people in the house. Sims=s presence could have supported an inference that he alone possessed the cocaine; it also supported an inference that he was there to buy cocaine. Which competing inference to draw was the jury=s decision. Similarly, an admitted marihuana user resided in this house, but claimed that she did not use cocaine and said that the cocaine and associated drug paraphernalia belonged to appellant. The jury apparently chose to believe her. Another occupant of the house testified as to her conclusion, based on the activities she had seen, that appellant was selling cocaine. In viewing the evidence in a neutral light, we do not conclude that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *See Johnson*, 23 S.W.3d at 11. Accordingly, we hold the evidence factually sufficient to show possession with intent to deliver. We overrule point two.

*Admission of Evidence*

**8**

In his third point of error, appellant contends that the trial court abused its discretion in excluding evidence of Eric Sims=s conviction for possession of cocaine. The arrest in this case occurred in February 2001. Sim=s conviction occurred in December 2001, apparently based on events occurring in October 2001. Appellant does not contend that he attempted to offer any convictions for offenses by Sims that occurred prior to the offense for which he was tried; he does not assert that any existed. Neither the State nor appellant called Sims as a witness; appellant does not contend that he made any effort to call Sims as a witness.

The State objected that the evidence was not relevant. Tex. R. Evid. 402.[3] Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. App. P. 401. The court sustained the State=s objection.[4]

The jury had before it evidence that Sims was found in the room with appellant. The jury also had evidence that at least one other person known to have used marihuana lived in the house. A *subsequent* conviction for possession does not make it more or less likely that Sims had exclusive possession of the cocaine at the time of this offense, months before the event that resulted in Sims=s conviction. Further, error, if any, was harmless, because the jury had evidence before it that other persons

---

[3] AAll relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible.@

[4] The court also excluded appellant=s previous convictions at the guilt-innocence state.

might have had access to the cocaine. Appellant was not prevented from presenting evidence to support his defense that the cocaine belonged to someone else. We overrule point of error three.

## Conclusion

We have considered and overruled appellant=s three points of error. We affirm the judgment of conviction.


Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish