TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00076-CR






Jeffrey L. Joyles, Appellant



 

v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 52,338, HONORABLE JOE CARROLL, JUDGE PRESIDING 







 In a jury trial, Jeffrey L. Joyles was convicted of possession of a controlled substance,
cocaine in an amount over one but less than four grams, with intent to deliver. See Tex. Health &
Safety Code Ann. § 481.112(c) (West Supp. 2002). Appellant pleaded "true" to four enhancement
paragraphs; the jury assessed punishment at sixty years' confinement in the Texas Department of
Criminal Justice-Institutional Division. We will affirm the conviction.


Factual and Procedural Background



 As a result of an investigation into the possible sale of cocaine at a particular house
in Killeen, Texas, officers from the Killeen Police Department served a search warrant at that house 
in February 2001. As they arrived at the house, the offices noticed two pit bull dogs in the back yard. 
As they entered the house, the officers first encountered Tiffany Thomason and two small children
in the dining area, then found Diane Turner and a third child in a bathroom. (1)

 The officers estimated it took them approximately 30 seconds from their entry into
the house to their arrival in the back bedroom, described as "Tiffany and Jeff's." Officers found
appellant and Eric Sims in the master bedroom at the back of the house. Appellant, who was
unemployed, was searched and $1200 in cash found on his person. (2) Officers smelled the odor of
burnt marihuana in the bedroom. Their search revealed a Sentry safe that contained a white residue
which field-tested positive for cocaine. A search of the master bathroom, which could be entered
only through the master bedroom, revealed a plastic bag containing suspected cocaine floating in the
toilet. The officers found a gun in the closet in the master bedroom. The officers found a Texas
hunting license in appellant's name on a bureau in the master bedroom. Officers found a small,
hand-held scale in a converted, attached garage where they also found a supply of small plastic bags.

 At trial, Officer Robert Clemons, an investigator in the organized crime division of
the Killeen police department, testified that the scales were commonly used to weigh cocaine to
break larger amounts into smaller amounts for sale. He testified that he thought the amount of
cocaine recovered from the toilet was more than was characteristic for individual use. He testified
that based on his training and experience, the evidence found at the house, including the amount of
cash found on appellant, was consistent with cocaine being sold from the house.

 Officer Turck, part of the search team, testified that the appellant and Sims were only
six to eight feet from the cocaine in the bathroom. They appeared to be attempting to get rid of the
cocaine. He said that the scales found in the garage were often used in selling cocaine. Deborah
Regan, a chemist with the Department of Public Safety, testified that the amount of cocaine
recovered from the plastic bag found in the toilet was 2.06 grams. 

 Tiffany Thomason testified that she, her mother, and her children lived at the house
with appellant. She said that many people came and went from the house, visiting appellant. She
said the safe, scale, gun and pit bulls belonged to appellant. She was an admitted marihuana user,
but said that the cocaine was appellant's.

 Diane Turner was Thomason's mother. She testified that she had seen appellant with
cocaine at the house. She suspected that he was selling drugs at the house because of the number
of people coming and going who immediately went back to Tiffany and Jeff's bedroom and who
stayed only a short time. In a written statement made to police she said that she had seen Jeff give
cocaine to a visitor and receive money. On cross-examination, she was somewhat unsure in
answering exactly how she had identified the substance as cocaine.

 Appellant attempted to introduce evidence that Eric Sims, the other person found in
the bedroom, had been convicted for possession of cocaine. The court did not allow that evidence
to be introduced. Eric Sims was never called as a witness. 

 After the jury convicted him, appellant pleaded "true" to four enhancement
paragraphs based on previous convictions for possession and delivery of drugs. On appeal, appellant
brings three points of error. In point one, he contends that the evidence is legally and factually
insufficient to find beyond a reasonable doubt that appellant possessed cocaine. In point two, he
claims the evidence was legally and factually insufficient to find beyond a reasonable doubt that
appellant intended to deliver cocaine. In point three, he contends that the trial court abused its
discretion in excluding Eric Sim's conviction for possession of a controlled substance. We will
consider points one and two together.


Discussion



Standard of Review


 When the court reviews the legal sufficiency of evidence, it does so in the light most
favorable to the verdict to determine whether a rational finder of fact could have found all the
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). If there is evidence that establishes
guilt beyond a reasonable doubt and if the believes the evidence, the reviewing court is not in a
position to reverse the judgment on sufficiency of the evidence grounds. See Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury as trier of fact is entitled to resolve any conflicts
in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given
any particular evidence. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 944 (2001); Moreno, 755 S.W.2d at 867.

 In performing a factual sufficiency review, all of the evidence is considered equally,
including testimony of defense witnesses and the existence of alternative hypotheses. See Orona v.
State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A factual sufficiency review asks
whether a neutral review of all the evidence, both for and against the finding of guilt, shows that the
proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine
confidence in the jury's determination. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
Due deference must be given to the fact finder's determination, particularly those determinations
concerning the weight and credibility of the evidence. Id. at 9. The appellate court does not interfere
with the jury's resolution of conflicts in the evidence or pass on the weight or credibility of
testimony. Unless the record clearly reveals that a different result was appropriate, an appellate court
should defer to the jury's determination concerning what weight to give contradictory testimonial
evidence because the jurors' resolution of such conflicts often turns on an evaluation of credibility
and demeanor by the jury. See Johnson, 23 S.W.3d at 8-9.


Possession with Intent to Deliver


 To prove drug possession, the State must show that a defendant exercised care,
custody, control, or management over the drugs, and that he knew he possessed a controlled
substance. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); Martinets v. State, 884
S.W.2d 185, 187 (Tex. App.--Austin 1994, no pet.). When a defendant is not in exclusive
possession or control of the place where the drugs are found, the State must affirmatively link the
defendant with the drugs. Brown v. State, 911 S.W.2d 744, 747-48 (Tex. Crim. App. 1995);
Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996, pet. ref'd, untimely filed);
Martinets, 884 S.W.2d at 187. More than the defendant's mere presence near the drugs is required,
especially other persons people are present or in possession of the place where the drugs are found. 
Villarreal v. State, 865 S.W.2d 501, 503 (Tex. App.--Corpus Christi 1993, pet. ref'd); Estrada v.
State, 643 S.W.2d 753, 756 (Tex. App.--San Antonio 1982, no pet.).

 The State's evidence need not exclude every reasonable hypothesis other than the
defendant's guilt, but it must show facts and circumstances that, viewed in the totality of the
circumstances, indicate the defendant's knowledge and control over the drugs. See Brown, 911
S.W.2d at 748; Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.--Houston [14th Dist.] 2001, pet.
ref'd); Howard v. State, 972 S.W.2d 121, 124 (Tex. App.--Austin 1998, no pet.). Affirmative links
between a defendant and illegal drugs may include: the defendant's presence when the drugs are
found; whether the drugs or other contraband were in plain view; the defendant's proximity to and
the accessibility of the drugs; whether the defendant was under the influence of drugs when the drugs
were found; whether the defendant possessed other contraband or drug paraphernalia; whether the
defendant made incriminating statements or furtive gestures or tried to flee; whether there was any
noticeable drug odor; whether the defendant had the right to possess the place where the drugs were
found; and whether that place was enclosed. See Hyett, 58 S.W.3d at 830; Martinets, 884 S.W.2d
at 188; Villarreal, 865 S.W.2d at 503-04.

 Intent to deliver may be proved by circumstantial evidence, including evidence
surrounding its possession. Rhodes v. State, 913 S.W.2d 242, 251 (Tex. App.--Fort Worth 1995),
aff'd, 945 S.W.2d 115 (Tex. Crim. App. 1997); Williams v. State, 902 S.W.2d 505, 507 (Tex. 
App.--Houston [1st Dist.] 1994, pet ref'd); Reece v. State, 878 S.W.2d 320, 325 (Tex. 
App.--Houston [1st Dist.] 1994, no pet.). Factors courts have considered include: the nature of the
location at which the defendant was arrested; the quantity of controlled substance in the defendant's
possession; the manner of packaging; the presence of drug paraphernalia (for either drug use or sale);
the defendant's possession of large amount of cash; and the defendant's status as a drug user. 
Williams, 902 S.W.2d at 507; Mack v. State, 859 S.W.2d 526, 528-29 (Tex. App.--Houston [1st
Dist.] 1993, no pet.). If the record supports conflicting inferences about whether the contraband was
possessed for personal use or delivery, we presume that the trier of fact resolved any such conflict
in favor of the prosecution, and we must defer to that resolution. Reece, 878 S.W.2d at 325-26.


Application


 In this case, appellant had been seen using cocaine at this house. Other people living
at the house said appellant resided there. Officers executing the search warrant found him in a room
at the back of the house in close proximity to the contraband. Officers smelled marihuana in the
room and found cocaine residue in a safe in the bedroom. Cocaine in a plastic bag was found
floating in the toilet in the attached bathroom, which is consistent with an attempt to destroy the
evidence. Other paraphernalia associated with drug use and dealing, such as the particular brand of
safe and the scales, was found. One witness said she saw him selling cocaine at the house, or at least
exchanging something that looked like cocaine for money. Many visitors came and went, staying
only a short time. Appellant, who was unemployed, was found with a significant sum of cash on
him. The State proved multiple factors that affirmatively linked appellant to the drugs and supported
an intent to deliver. The evidence is legally sufficient to support the jury's verdict. We overrule
point one.

 We now view the evidence in a neutral light, considering the evidence both for and
against the finding of guilt. Appellant's principal evidence against guilt was the presence of another
person in the room with appellant and other people in the house. Sims's presence could have
supported an inference that he alone possessed the cocaine; it also supported an inference that he was
there to buy cocaine. Which competing inference to draw was the jury's decision. Similarly, an
admitted marihuana user resided in this house, but claimed that she did not use cocaine and said that
the cocaine and associated drug paraphernalia belonged to appellant. The jury apparently chose to
believe her. Another occupant of the house testified as to her conclusion, based on the activities she
had seen, that appellant was selling cocaine. In viewing the evidence in a neutral light, we do not
conclude that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as
to undermine confidence in the jury's determination. See Johnson, 23 S.W.3d at 11. Accordingly,
we hold the evidence factually sufficient to show possession with intent to deliver. We overrule
point two.


Admission of Evidence


 In his third point of error, appellant contends that the trial court abused its discretion
in excluding evidence of Eric Sims's conviction for possession of cocaine. The arrest in this case
occurred in February 2001. Sim's conviction occurred in December 2001, apparently based on
events occurring in October 2001. Appellant does not contend that he attempted to offer any
convictions for offenses by Sims that occurred prior to the offense for which he was tried; he does
not assert that any existed. Neither the State nor appellant called Sims as a witness; appellant does
not contend that he made any effort to call Sims as a witness.

 The State objected that the evidence was not relevant. Tex. R. Evid. 402. (3) Relevant
evidence is evidence that tends to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence. 
Tex. R. App. P. 401. The court sustained the State's objection. (4)

 The jury had before it evidence that Sims was found in the room with appellant. The
jury also had evidence that at least one other person known to have used marihuana lived in the
house. A subsequent conviction for possession does not make it more or less likely that Sims had
exclusive possession of the cocaine at the time of this offense, months before the event that resulted
in Sims's conviction. Further, error, if any, was harmless, because the jury had evidence before it
that other persons might have had access to the cocaine. Appellant was not prevented from
presenting evidence to support his defense that the cocaine belonged to someone else. We overrule
point of error three.


Conclusion



 We have considered and overruled appellant's three points of error. We affirm the
judgment of conviction.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish
1. Tiffany Thomason was living with appellant at the time. Diane Turner is Thomason's mother. 
She also lived in this house.
2. Appellant asserted that the money came from lottery winnings that his father sent him from
Florida.
3. "All relevant evidence is admissible, except as otherwise provided by Constitution, by statute,
by these rules, or by other rules prescribed pursuant to statutory authority. Evidence which is not
relevant is inadmissible."
4. The court also excluded appellant's previous convictions at the guilt-innocence state.