363 S.E.2d 755

**STATE of West Virginia**

v.

**Michael W. CHAPMAN.**

**No. 17331.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1987.

---

Charles G. Brown, Atty. Gen., for State.

Rudolph J. Murensky, II, Welch, for Chapman.

PER CURIAM:

On May 23, 1985, the McDowell County Sheriff's Department, assisted by the West Virginia State Police, raided the home of Ronald Jones, pursuant to a search warrant obtained for a search of the Jones' residence. As the police approached the mobile home, Ronald Jones, who was sitting at the kitchen table, dove through the kitchen window and Benny Harbin who was also sitting at the table ran into the living room. Also in the mobile home were John Thomas Bigelow, half brother of Ronald Jones; Kathy Walker, live-in girlfriend of Ronald Jones; Ronald Jones' two small children; and, the appellant, Michael W. Chapman. When the police arrived John Bigelow and Kathy Walker were sitting in the living room on a couch with the chil-

dren, while Michael Chapman was leaning against the sink in the kitchen.

Upon entering the mobile home, Trooper Fred D. Sylvester's immediate search of Mr. Chapman revealed no controlled substances. None of Mr. Chapman's fingerprints was found on any controlled substance; nor were any controlled substances or powders removed from Mr. Chapman's clothing.

Found on the kitchen table were a half empty pill capsule, one whole empty pill capsule, a mirror with a powdery substance on it, two straws cut three inches long, a brown prescription type bottle containing pills, baggies and various domestic items. The chemist for the W.Va. Department of Public Safety identified the contents of the brown prescription bottle as 16 Tylox pills, which had 4.88 milligrams of oxycodone. The chemist identified the white powder on the mirror as acetaminophen, which is not a controlled substance. Other items turned out to be cough syrup, penicillin and an over-the-counter muscle relaxant. Police also found less than $\frac{1}{10}$ of a gram of marijuana.

While police were inventorying the seized items, Ronald Jones told the police that the Tylox belonged to him and that he used it for back pain. Nonetheless, Ronald Jones and Michael Chapman were both arrested for possession of a controlled substance.

Michael Chapman was jointly indicted with Ronald Jones during the June 1985 term of the McDowell County grand jury for knowingly, unlawfully and feloniously possessing with intent to deliver oxycodone in violation of *W.Va.Code*, 60A–4–401 [1971]. On August 15, 1985, Mr. Chapman was found guilty of possession of a controlled substance and was sentenced to six months in jail and fined $1,000 plus court costs.

### I

The appellant argues that the evidence in this case was insufficient to support the jury's finding of guilt for the offense of possession of a controlled substance. The standard established by this Court to determine if evidence is insufficient to support a jury's verdict was set out in Syl. Pt. 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978) where we held:

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

A review of the evidence against Mr. Chapman in this case indicates that the amount of evidence was grossly inadequate to sustain a conviction of possession of a controlled substance. First, the police raided the mobile home pursuant to a search warrant issued to search the premises of Ronald Jones. No search warrant was obtained for Michael Chapman and there was no evidence to indicate that the police knew that Mr. Chapman would be at the mobile home during the raid.

Immediately upon entering the mobile home, Trooper Sylvester told everyone to freeze and he searched Michael Chapman and found no controlled substances. No controlled substances or residue of controlled substances were found on the clothing of Michael Chapman and his fingerprints were not discovered on any of the controlled substances found in the mobile home. In fact, Mr. Chapman had arrived at Ronald Jones' home only ten minutes before the raid occurred.

Furthermore, the only oxycodone found on the premises was a closed prescription bottle containing sixteen Tylox capsules. Ronald Jones told the police that the Tylox capsules were his and that he used them for his back pain. It seems the only connection Mr. Chapman had with any controlled substance was his coincidental presence at Ronald Jones' mobile home at the time of the police raid.

This case is similar to *State v. Dudick*, 158 W.Va. 629, 213 S.E.2d 458 (1975) where this Court held that mere proximity to narcotic drugs is not sufficient to convict the defendant of possession[1] and that the chain of evidence must link the defendant with the drugs to the extent that the defendant had knowledge of the presence of the drugs where they were found and exercised control over them. 158 W.Va. at 631, 213 S.E.2d at 459. *See also People v. Jackson*, 23 Ill.2d 360, 178 N.E.2d 320 (1961); *People v. Davenport*, 39 Mich.App. 252, 197 N.W.2d 521 (1972); *People v. Pippin*, 16 A.D.2d 635, 227 N.Y.S.2d 164 (1962); *Gonzales v. State*, 157 Tex.Cr.R. 8, 246 S.W.2d 199 (1952).

Although we recognized in *Dudick* that the offense of possession of a controlled substance includes constructive possession, we held that the State must prove beyond a reasonable doubt that the defendant had knowledge of the controlled substance and that it was subject to the defendant's dominion and control. *See* Syllabus Point 4. In this case there was no evidence linking Michael Chapman to possession of a controlled substance beyond his *mere presence* in Ronald Jones' mobile home. There were no controlled substances on Michael Chapman. All of the witnesses testified that the controlled substances located in the Jones' home belonged to Ronald Jones. No one testified that the Tylox capsules were under the control or direction of Michael Chapman. Under these circumstances *State v. Starkey, supra*, requires reversal of the conviction.

Accordingly, the judgment of the Circuit Court of McDowell County is reversed.

Reversed.

---

1. Syllabus point 3 of *State v. Dudick, supra*, reads:

   "In West Virginia mere physical presence on premises in which a controlled substance is found does not give rise to a presumption of possession of a controlled substance, but is evidence to be considered along with other evidence demonstrating conscious dominion over the controlled substance."