

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00086-CR

_____


PATRICK BRANDON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47992-A


Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In two companion cases on appeal, Patrick Brandon stands convicted of numerous offenses arising from the same criminal episode involving a controlled substance in a high-crime area in Gregg County.[1] In the case appealed here, Brandon asserts that the evidence was insufficient to establish that he intended to deliver the drugs found in his possession, that the State improperly exercised peremptory strikes to remove two of the three African American panel members from the jury strike zone, and that various fines, costs, and fees were improperly assessed against him. In the companion case arising from the same trial, we address in detail the jury strike issue and those regarding the fines, costs, and fees of which Brandon complains.

We (a) modify the judgments and bill of costs in this case to strike (i) improperly cumulative fines and (ii) improperly assessed time payment fees; (b) modify the judgments to reflect that Brandon pled "true" to the State's enhancement paragraph; and (c) affirm the judgments, as modified. We reach that result because, as we explain below, (1) sufficient evidence supported the intent-to-deliver element of Brandon's conviction, (2) fines should not be cumulated on offenses arising from the same episode, (3) assessing a time payment fee was premature, and (4) we must modify the judgment to reflect that Brandon pled "true" to the State's enhancement paragraph.

---

[1]In this case, Brandon was found guilty of possession of a controlled substance with intent to deliver, possession of a controlled substance, and unlawful possession of a firearm by a felon and was sentenced to twenty years, five years, and ten years, respectively, in accordance with the jury's recommendations. During the same trial, Brandon was convicted of aggravated robbery and sentenced to sixty years' imprisonment. He appeals that judgment of conviction in our cause number 06-21-00085-CR.

*(1)    Sufficient Evidence Supported the Intent-to-Deliver Element of Brandon's Conviction*

Notwithstanding Brandon's assertion that the State did not provide sufficient evidence to establish his intent to deliver the drugs, there was sufficient evidence.

A couple of hours after midnight in early May 2018, patrol officer Danny Isonhood[2] was on duty in a neighborhood known for its high crime rate, including "a lot of narcotics, thefts," and similar activity. After seeing a vehicle driven by Brandon run a stop sign, Isonhood stopped the vehicle after a brief high-speed chase. Isonhood testified to various suspicious facts he observed, including facts that the vehicle was a rental car with temporary tags that Brandon said had been rented by Brandon's brother.[3] According to Isonhood, rental cars with temporary tags were often used to transport illegal drugs.

Isonhood smelled marihuana coming from inside of Brandon's vehicle. Brandon was slow in responding to Isonhood's instruction to exit the vehicle. When he finally did, Isonhood saw a baggie toward the center console containing, what he believed to be, narcotics and marihuana, at which time, Brandon was arrested. In searching Brandon incident to arrest, Isonhood found cash, some receipts, and some multi-colored pills ultimately determined to be methamphetamine, weighing 6.9 grams. The pills had logos, stars, and hand grenades on them, which, according to Isonhood, was a way for the sellers to identify themselves to potential buyers. In Isonhood's experience, 6.9 grams of methamphetamine was not a personal use amount. In addition, Isonhood located Alprazolam or Xanax wrapped in a sandwich bag in the

---

[2]Isonhood was a detective at the time of trial.

[3]Isonhood found no documentation in the vehicle to support Brandon's assertion that his brother had rented the vehicle.

center console.  At that point, the officers began to wonder whether Brandon might have been involved in a bank robbery that had just happened, so they stopped searching and contacted a supervisor.[4]  The officers contacted a tow truck, which subsequently arrived to transport the vehicle to the Longview Police Department (LPD) secured yard.

Officer Heath DeGarmo testified similarly, including that, in Brandon's vehicle, he found narcotics, marihuana, and a "clear baggie that had a white powdery substance that [he] believed to be powder cocaine."   In addition, he found a large amount of money in the console, some of which was banded, but "[t]here was also loose money throughout."  According to DeGarmo, a loaded Taurus 9-millimeter pistol was found beneath the driver's seat and was easily accessible to the driver.  DeGarmo also found a gray T-shirt in the center console.  The officers also located the note that was believed to have been used in the bank robbery, along with some red shoes.  In this instance, the money was found in the same center console as the cocaine

Robert John Prince, Jr., a forensic scientist with the Texas Department of Public Safety crime laboratory in Tyler, Texas, testified that the cocaine weighed 1.63 grams and the methamphetamine pills came to a weight of over four grams.

In evaluating legal sufficiency in this case, we must consider all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, that Brandon was guilty of the offense of possession of a controlled substance with intent to deliver.  *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App.

---

[4]During a briefing, the officers had been given a description of a silver vehicle and a photograph of the bank robbery suspect wearing a gray T-shirt with red writing on it.  Isonhood stated that, when he stopped Brandon, he had been wearing a T-shirt similar to the one in the photograph.

4

2010) (plurality op.) (citing *Jackson v. Virginia*, 433 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). We afford almost total deference to a jury's credibility determinations. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). An appellate court may not re-evaluate the weight and the credibility of the evidence or substitute its judgment for that of the fact-finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Circumstantial evidence is as probative as direct evidence, and it can be sufficient alone in establishing guilt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 241 S.W.3d at 13. "Evidence is legally insufficient when the 'only proper verdict' is acquittal." *Nelson v. State*, 405 S.W.3d 113, 122 (Tex. App—Houston [1st Dist.] 2013, pet. ref'd) (quoting *Tibbs v. Florida*, 457 U.S. 31, 41–42 (1982)).

Finally, legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. Sate*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the

5

indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

In this case, the issue before us is whether the State met its burden of proving Brandon's intent to deliver the methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. Intent to deliver may be established by circumstantial evidence. *Williams v. State*, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Expert testimony by experienced law enforcement officers may be used to show intent to deliver. *Mack v. State*, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.). In addition, the following factors are relevant to the question of intent to deliver: (1) the nature of the place where the defendant was arrested; (2) the quantity of controlled substance possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) the defendant's possession of a large amount of cash; and (6) the defendant's status as a drug user. *Williams*, 902 S.W.2d at 507. The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). However, more facts than mere presence near the drugs are required, particularly when there are many people present or in possession of the premises. *Estrada v. State*, 643 S.W.2d 753, 756 (Tex. App.—San Antonio 1982, no pet.).

While the State presented a lab report that established the weight of the drugs, it also offered photographs of the drugs and elicited testimony from at least two witnesses regarding the quantity of drugs. In addition, Isonhood testified that the amount of methamphetamine

6

recovered from Brandon's vehicle was not a user amount but, instead, was a dealer amount. He also testified that Brandon was driving a rental car, which, in his experience, was the transportation choice for drug dealers.

DeGarmo found marihuana and cocaine in Brandon's car. In addition, he located a loaded Taurus 9-millimeter pistol underneath the driver's seat, which was easily accessible to Brandon. DeGarmo testified that drug users sometimes carry firearms in their cars for protection, but he also said that drug dealers often carry them as well.

Further, Brandon was arrested in what was described as a high-crime neighborhood, which included areas where there were "a lot of narcotics." As mentioned above, the pills had images on them that evidenced marketing intent.

Of the significant amount of cash found in Brandon's vehicle, some was banded, some was loose, and it was in several different denominations. As the fact-finders, it was the jurors' job to decide whether they believed the money was taken during the robbery, was a result of drug sales, or was a combination of both. Regardless, "[t]he number of factors present is not as important as the logical force the factors have in establishing the elements of the offense." *See Gilbert*, 874 S.W.2d at 298. Consequently, we find that there was sufficient evidence to support the jury's determination that Brandon possessed the methamphetamine with the intent to deliver it.

We overrule this point of error.

7

*(2)     Duplicative Court Costs Must Be Deleted*

Brandon also contends that the trial court erred by assessing court costs in both the judgment in this cause that resulted from Brandon's conviction of possession of a controlled substance with the intent to deliver and the judgment on appeal in cause number 06-21-00085-CR.  We agree.

A trial court, in a judgment of conviction, must order the criminal defendant to pay court costs.  TEX. CODE CRIM. PROC. ANN. art. 42.16 (applicable when punishment is anything "other than a fine"); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).  Article 102.073 of the Texas Code of Criminal Procedure provides:

> (a)     In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

> (b)     In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

> (c)     This article does not apply to a single criminal action alleging only the commission of two or more offenses punishable by fine only.

TEX. CODE CRIM. PROC. ANN. art. 102.073.  Simply stated, when a defendant is convicted of two or more offenses in a single criminal action,[5] the trial court must assess each court cost or fee only once against that defendant.  TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *see Cain v. State*, 525 S.W.3d 728, 733–34 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (trial court

---

[5]"In a single criminal action" has been construed to mean allegations and evidence of two or more offenses that are presented in a single trial or plea proceeding.  *See Hurlburt v. State*, 506 S.W.3d 199, 201–03 (Tex. App.—Waco 2016, no pet.).  Here, there is no dispute that the two separate cases against Hill were tried in a single criminal action.

erred in assessing "identical overlapping" or duplicative costs against defendant). When a trial court erroneously assesses duplicative court costs or fees for multiple convictions tried in a single criminal action, we retain court costs for the offense of the highest category.[6] TEX. CODE CRIM. PROC. ANN. art. 102.073(b).

Here, because Brandon was convicted of two or more offenses in a single criminal action, the trial court could order payment of fees and court costs only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Cain*, 525 S.W.3d at 733–34. The State agrees that Brandon should not be assessed fees and court costs in both causes, but it disputes Brandon's contention that the fees and court costs should be deleted from the judgment on appeal in cause number 06-21-00085-CR rather than the judgment at issue in this cause. We agree with the State.

The record shows that Brandon was assessed fees and costs in the amount of $330.00 in the aggravated-robbery conviction. In the judgment at issue here, for possession of a controlled substance with intent to deliver, the trial court assessed fees and costs in the amount of $390.00.[7] The State is entitled to all properly assessed fees and costs, but it may not recover duplicative costs. Because the trial court assessed a higher amount of fees and court costs in this case, the State is entitled to $390.00 in fees and costs.

---

[6]Brandon was convicted of a first-degree offense in each case—aggravated robbery and possession of a controlled substance with intent to deliver.

[7]The trial court did not assess court costs and fees against Brandon relating to his convictions of simple possession of a controlled substance or unlawful possession of a firearm by a felon.

9

We sustain Brandon's point of error to the extent that the assessment of duplicative fees and costs was error, but that point of error is of no consequence in this appeal.[8]

*(3)    Fines Should Not Be Cumulated on Offenses Arising from the Same Episode*

In another point of error, Brandon contends that the trial court erred when it ordered fines in each of his cases but stacked the fines.[9]

In its judgment of conviction of aggravated robbery, the trial court ordered Brandon to pay a fine of $10,000.00 (on appeal in our cause number 06-21-00085-CR). In the judgments on appeal in this cause, it also ordered Brandon to pay (1) a $10,000.00 fine on his conviction of possession of a controlled substance with intent to deliver (referred to as Count I in the clerk's bill of costs), (2) a $5,000.00 fine on his conviction of possession of a controlled substance (referred to as Count II in the clerk's bill of costs), and (3) a $10,000.00 fine on his conviction of unlawful possession of a firearm by a felon (referred to as Count III in the clerk's bill of costs).[10] The trial court did not order the fines in each case to run concurrently.

The Texas Penal Code requires sentences for offenses arising out of the same criminal episode that are prosecuted in a single criminal action to be served concurrently. Tex. Penal Code Ann. § 3.03(a) (Supp.). When a trial court orders sentences to run concurrently, the judgment should not reflect a cumulated fine. *See State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008) (holding that the concurrent sentence provision in Section 3.03 applies to the

---

[8]We sustain Brandon's point of error, but we modify the judgment of conviction of aggravated robbery in trial court cause number 47754-A, appellate cause number 06-21-00085-CR, by deleting the assessment of $330.00 in costs and fees in the judgment and in the bill of costs associated with that judgment.

[9]The State did not respond to this issue.

[10]These three convictions were tried under trial court cause number 47992-A.

entire sentence, including fines); *see also Habib v. State*, 431 S.W.3d 737, 742 (Tex. App.—Amarillo 2014, pet. ref'd) (deleting cumulated fine from second judgment).

Accordingly, we delete the following fines from the judgments of conviction and the bill of costs at issue in this appeal: (1) the $10,000.00 fine on Brandon's conviction of possession of a controlled substance with intent to deliver (Count I), (2) the $5,000.00 fine on his conviction of possession of a controlled substance (Count II), and (3) the $10,000.00 fine on his conviction of unlawful possession of a firearm by a felon (Count III). The fine of $10,000.00 on Brandon's conviction of aggravated robbery at issue in our cause number 06-21-00085-CR remains in that judgment of conviction and in the clerk's bill of costs.

*(4)      The Time Payment Fee Was Premature and Must Be Deleted*

In another point of error, Brandon maintains that the trial court erred when it assessed a time payment fee in this case. We agree.

The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed in this case "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* The State concedes this point.[11]

---

[11]Brandon also argues that the time payment fee statute is unconstitutional. Because we have found that the assessment of the time payment fee was premature, we decline to address that argument.

11

Brandon asks this Court to delete the $15.00 time payment fee (included as part of the total costs) from the clerk's bill of costs. A time payment fee in the amount of $15.00 was included as a part of the $390.00 court costs assessed against Brandon as a result of his conviction of possession of a controlled substance with intent to deliver. Because that fee was prematurely assessed, it must be deleted from the judgment of conviction and the bill of costs associated with it.[12]

Accordingly, we sustain Brandon's fourth point of error.

(5)     *We Must Modify the Judgment to Reflect that Brandon Pled "True" to the State's Enhancement Paragraph*

We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in the trial court; we may act *sua sponte* and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)).

In this case, the trial court's judgment erroneously reflects that Brandon pled "not true" to the State's enhancement paragraph. In fact, he pled "true" to the allegation. Where there is no reversible error, we have the authority to modify judgments and affirm, as modified. *Walker v.*

---

[12]Although the trial court did not assess court costs in Brandon's judgment of conviction of simple possession of a controlled substance or in his judgment of conviction of unlawful possession of a firearm by a felon, there were three identical bills of costs in the record, each in the amount of $25,390.00. They appear immediately following each of the judgments of conviction. Any modification that has been ordered herein is applicable to all three of the bills of costs.

12

*State*, 557 S.W.3d 678, 690 (Tex. App.—Texarkana 2018, pet. ref'd). We modify the trial court's judgment by changing Brandon's plea to the State's enhancement paragraph from not true to true.

For the reasons stated herein, we modify the trial court's judgments and the bill of costs by deleting (1) the $10,000.00 fine in the judgment of conviction of possession of a controlled substance with the intent to deliver (Count I), (2) the $5,000.00 fine in the judgment of conviction of possession of a controlled substance (Count II), (3) the $10,000.00 fine in the judgment of conviction of unlawful possession of a firearm by a felon (Count III), and (4) the $15.00 time payment fee contained in the total costs in the judgment of conviction of possession of a controlled substance with intent to deliver and the bill of costs associated with it. We also modify Brandon's judgment of conviction of possession of a controlled substance with the intent to deliver (Count I) to reflect that Brandon pled "true" to the State's enhancement paragraph rather than "not true." We affirm the judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 5, 2022
Date Decided:       June 22, 2022

Do Not Publish

13